Charlotte Blanche **FLEMING**, Plaintiff,

v.

**ALLIED SUPERMARKETS, INC.,**
Defendant.

Civ. No. 64–147.

United States District Court
W. D. Oklahoma.

Dec. 15, 1964.

J. Rex Spurr, Shawnee, Okl., for plaintiff.

Ben L. Burdick, Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

On May 4, 1962, the plaintiff, Charlotte Blanche Fleming, while a business invitee in the store of the defendant in Shawnee, Oklahoma, was struck by a grocery push-cart and knocked to the floor. The cart was being pushed by a five-year-old child. His two-year-old sister was riding in the basket portion of the push-cart. It appears that the five-year-old child was running with the cart in an aisle of the store and turned a corner, whereupon the cart struck the above-named plaintiff in the stomach, knocking her to the floor.

The plaintiff, Charlotte Blanche Fleming, brings suit for personal injuries and pain and suffering sustained by reason of the above incident, and the plaintiff, Garland Fleming, the husband of Charlotte Blanche Fleming, sues for medical expenses and loss of services and consortium of his wife, all by reason of the above incident.

The parents of the five-year-old child with the push-cart have paid the plaintiffs the sum of $796.35 under a covenant not to sue as a result of this incident.

The plaintiff, Charlotte Blanche Fleming, a practical nurse and housewife, testified that she did not see the children and the push-cart which struck her at any time while she was in the store until immediately before she was struck. She testified about her physical condition and work before and after the accident and the medical attention she received as a result thereof.

The plaintiff, Garland Fleming, testified that he was with his wife in the store at the time of this incident; that very shortly after entering the store he observed at a distance of some 20 to 30 steps away the said five-year-old child who then had a grocery push-cart in which the two-year-old girl was riding; that the boy was pushing the grocery cart back and forth in the aisles of the

store and was running or trotting with the same; that he was doing so at that time in the presence and view of an employee of the store; that the boy passed other employees of the store with the grocery push-cart in a similar fashion; that this plaintiff and his wife were in the store approximately 30 minutes before the accident and that he observed the boy with the push-cart with the girl in the same on several other occasions before his wife was struck; he also testified about his wife's inability to do her household work and consort with him as a wife.

A customer in the store who previously worked for the store testified to seeing the accident; that the boy was running fast with the push-cart in an aisle of the store, turned a corner and ran the cart into the plaintiff, Charlotte Blanche Fleming; that the plaintiff, Charlotte Blanche Fleming, was struck in the stomach by the cart and fell to the floor; that she had not seen the children with the push-cart in the store prior to just before the accident.

The mother of the two children testified that she did not see the accident; that she had been in the store about 15 minutes before the accident; that she saw her two children with a grocery push-cart with her boy pushing the same and her little girl riding in the cart; that she did not at any time observe the boy running with the cart but only pushing the same with his sister therein.

The assistant store manager testified that prior to the accident and in the north end of the store he saw a child pushing a grocery cart with another child in it but that the boy pushing the cart was not running, but that he did tell the boy to slow down; that the boy pushing the cart could not see directly ahead because of his size and the location of his passenger in the basket of the cart and that he was going from side to side with the cart; that he did not see the accident which occurred after he told the boy to slow down.

Another customer in the store testified that he was in the store about 15 min-

utes; that after he was in the store about one minute he saw a boy with a grocery push-cart with a small child riding in the cart; that he thinks the boy was running with the cart but he was not sure; that two or three minutes before he left the store he saw the boy running with the push-cart and heard some hollering and saw the plaintiff, Charlotte Blanche Fleming, fall to the floor.

The plaintiffs claim herein that the defendant was guilty of negligence toward them in allowing a dangerous condition, in the form of a small child running through the store aisles and passageways pushing a grocery cart, to exist on their premises to which the plaintiffs were business invitees and did nothing to remove or prohibit the dangerous condition or warn the plaintiffs thereof; that in effect the defendant failed to exercise ordinary care to keep and maintain its premises in a reasonably safe condition for the use of the plaintiffs as their business invitees.

The defendant by its answer admits the accident but denies that it was guilty of any negligence; alleges the plaintiff, Charlotte Blanche Fleming, was guilty of negligence causing or contributing to the cause of her injuries; alleges that the accident was unavoidable and in any event the amount received by plaintiffs in settlement from the parents of the boy pushing the cart should be considered in determination of the issues herein.

The Court believes and finds from the evidence that for a period of from a minimum of 11 minutes to a maximum of 30 minutes a small five-year-old child was pushing a grocery cart with a two-year-old child in the basket and was running or trotting with the same through the aisles and passageways of the defendant's store; that this amounted to a dangerous condition in the store to the safety of the customers of the defendant; that this dangerous condition was actually known to and observed by employees of the defendant prior to the accident herein, but if not known, existed over such a period of time in plain view that

in the exercise of ordinary care the same should have been known and eliminated by the defendant; that the defendant did nothing to eliminate this dangerous condition after both actual and constructive notice thereof but permitted it to exist and did nothing to warn the plaintiffs of such dangerous condition existing in the aisles and passageways of its store; that as a result the plaintiffs were damaged because of such dangerous condition.

There is no evidence before the court that the plaintiff, Charlotte Blanche Fleming was guilty of any negligence or contributory negligence in the matter. The defendant did not plead contributory negligence on the part of the plaintiff, Garland Fleming, but did urge the same as a bar against his recovery herein in the oral argument to the court and in briefs submitted. In this connection, the court finds from the evidence that the plaintiff, Garland Fleming, was not guilty of contributory negligence under the circumstances but conducted himself as an ordinarily prudent person would have conducted himself under the same or similar circumstances. The court further finds from the evidence herein that the accident involved was not an unavoidable accident but that the same could have been prevented by the defendant exercising ordinary care in maintaining its premises in a reasonably safe condition for the use of its invited customers, including the plaintiffs.

■ The defendant owed the plaintiffs as customers the duty to exercise ordinary care to keep the aisles and passageways in its store, which were ordinarily used by customers, in a reasonably safe condition and to warn its customers of dangerous conditions upon the premises which were known or which reasonably should have been known to the storekeeper. J. C. Penney Co. v. Campbell (Okl.), 325 P.2d 1056. The defendant, of course, was not an insuror of the safety of its customers. Safeway Stores, Inc., v. Criner (Okl.), 380 P.2d 712. Generally, a storekeeper is not liable for injuries to its customers caused by acts of third parties committed independently of the storekeeper and which the storekeeper could not reasonably have anticipated and guarded against. However, a storekeeper is liable for injuries inflicted on its customers by third parties if they were produced by dangerous conditions of which the storekeeper had actual or constructive notice. 20 A.L.R.2d 8; Scott v. Allied Stores of Ohio, 96 Ohio App. 532, 122 N.E.2d 665. It is a question of fact for the jury (or here the court) as to whether the dangerous condition existed long enough so that in the exercise of ordinary care a reasonable person exercising reasonable care would have discovered and remedied the same. And this may be established by circumstantial as well as by direct evidence. Louie v. Hagstrom's Food Stores, 81 Cal. App.2d 601, 184 P.2d 708; J. J. Newberry Co., Inc., et al. v. Lancaster (Okl.), 391 P.2d 224. An ordinary grocery cart is not dangerous of itself. But the Oklahoma Supreme Court has said that the complexion of the over-all physical situation changes when an object which is obvious and not dangerous of itself becomes a part of a potentially dangerous physical condition or surrounding because joined with other circumstances created by acts or omissions of the storekeeper. J. J. Newberry Co., Inc., et al. v. Lancaster, supra. Here a dangerous condition was created when a non-dangerous grocery cart became coupled with a small child riding in the same and the same in such condition being pushed about the store and up and down the aisles and passageways of the store by another small child in a run or trot with impaired vision ahead. And when the storekeeper after seeing this dangerous condition in its store omits and does nothing to eliminate it, and in addition when such dangerous condition exists over a considerable period of time in the store and the storekeeper in the exercise of ordinary care should have known of such dangerous condition and remedied the same, it follows that liability is imposed upon the storekeeper for any in-

**310**

juries resulting to its customers from such dangerous condition.

From the findings of fact heretofore made by the court, and in view of the aforementioned applicable rules of law, the Court concludes that the defendant has failed to discharge its duty to the plaintiffs and must respond in damages for the losses thereby sustained. This is to say that a dangerous condition existed on defendant's premises; there is evidence that the defendant through its employees had actual knowledge of this dangerous condition prior to the accident; there is also evidence that the dangerous condition existed over such a period of time that the defendant in the exercise of ordinary care should have discovered such dangerous condition and remedied the same. In either event, the defendant failed in its duty to plaintiffs as business invitees on its premises.

██ The evidence shows that the plaintiff, Charlotte Blanche Fleming sustained a low-back sprain and a sprain of her thigh muscles with an aggravation of a pre-existing arthritic condition said to be not severe. All x-rays were negative as to fractures or dislocations and only showed an area of calcification in the low-back. The evidence also indicates that said plaintiff has suffered pain by reason of her injuries and is likely to experience pain in the future. There was medical testimony that said plaintiff has some residual disability of a permanent nature with reference to said injuries. Said plaintiff was hospitalized for a total of about 23 days and received traction, medication and mineral baths were prescribed. Her medical expenses totaled $1,475.69. There is no evidence of future medical expense. There is evidence of loss of services and consortium suffered by the husband, Garland Fleming.

The Court therefore finds that the plaintiff, Charlotte Blanche Fleming has been damaged in the sum of $2,000.00 for her personal injuries and pain and suffering, past and future; that the plaintiff, Garland Fleming has been damaged in the sum of $1,475.69 for medical expenses incurred by reason of the injuries received by his wife and which were reasonable and necessary and has been further damaged in the amount of $750.00 for loss of services and consortium of his wife by reason of said injuries which he sustained through the negligence of the defendant. The recovery above set forth should be reduced by the amount of $796.35 heretofore received by plaintiffs from the parents of the boy pushing the cart as above set out.

Judgment should be entered herein in accordance with the foregoing. Counsel for the plaintiffs will prepare the judgment for the signature of the Court and filing herein.