[Civ. No. 36821. Second Dist., Div. One. Dec. 28, 1970.]

NAOMI MARTIN, Plaintiff and Appellant, v.
BARCLAY DISTRIBUTING CO., INC., Defendant and Respondent.

## Counsel

Alan R. Talt for Plaintiff and Appellant.

Reilly & Holzhauer and Arthur M. Reilly for Defendant and Respondent.

## Opinion

**LILLIE, J.**—Plaintiff appeals from judgment of nonsuit entered in an action for personal injuries arising out of an incident that severed a portion of the ring finger of her left hand.

Around 6 p.m. on May 10, 1967, plaintiff and her husband went to defendant restaurant for dinner; they had been there many times before. Normally there is an attendant at the front door who will assist people entering the restaurant; attendants are employed by an outside parking concern and their primary duty is to park the customers' cars, however, if they are not busy, as a matter of courtesy they attend to door opening; when the restaurant is very busy there may not be an attendant at the front door; no attendant was on duty when plaintiff and her husband arrived. Plaintiff's husband opened the door and they entered the foyer which is approximately 8 by 10 feet with a 3- or 4-foot wide corridor leading to the interior of the restaurant. It was crowded with patrons and plaintiff was unable to move about freely; as her husband went forward to the hostess to confirm their reservation, she stepped just inside and out of the way of incoming people and since there was no room on the bench to sit down, stood to the left of the front door on its hinge side facing the reservation desk. She stood there "a minute or so" waiting for her husband when someone "bumped" or "jostled" her and her finger went into the door and as it opened and closed the tip of her finger was severed in the hinge. She does not know how her hand happened to be in that area of the door, although she did not intentionally put it there; when the incident occurred she was not aware of any pain and the first time she realized anything had happened was when she looked at her hand and saw blood. The hinge side of the door is "right at the wall" so there was no room to step any farther away from the door. The door opens outward and closes automatically. Plaintiff could not see into the foyer until she actually entered it, and

prior to entering she received no warning of its crowded condition. The foyer was more crowded than plaintiff had seen it on most occasions, although the crowd was orderly; her husband had to work his way to the hostess to see about the reservation. As she stood on the hinge side of the door there were people standing to her right, in front of her and around her but none between her and the door. She did not see who "jostled" her and it did not cause her to lose her balance but she "possibly put [her] hand up for—"; someone "Brushed, jostled, that's right, making room for somebody else to come in the door, possibly . . . It was a shoulder."

Relying primarily on *Beauchamp* v. *Los Gatos Golf Course,* 273 Cal. App.2d 20 [77 Cal.Rptr. 914], in which the court reversed a judgment of nonsuit under *Rowland* v. *Christian,* 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], appellant claims that the question of defendant's liability to its invitee is a jury question and that the trial court erred in granting the nonsuit. There is merit to this contention. ■ A judgment of nonsuit can be entered only if the evidence viewed in the light most advantageous to plaintiff resolving all conflicts therein in his favor and giving him the benefit of every fact and inference pertaining to the issues involved would not justify a verdict and judgment in his favor. (*Meyer* v. *Blackman,* 59 Cal.2d 668, 671-672 [31 Cal.Rptr. 36, 381 P.2d 916]; *Lashley* v. *Koerber,* 26 Cal.2d 83, 84-85 [156 P.2d 441].)

■ "The proper test to be applied to the liability of the possessor of land in accordance with section 1714 of the Civil Code is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative." (*Rowland* v. *Christian,* 69 Cal.2d 108, 119 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].) ■ Both defendant's standard of care under section 1714 and the reasonableness of its conduct are jury questions. (*Beauchamp* v. *Los Gatos Golf Course,* 273 Cal.App.2d 20 [77 Cal.Rptr. 914].) "Under Civil Code sections 1708 and 1714 the jury has the burden of deciding not only what the facts are, but what any unformulated standard is of reasonable conduct of the ordinary prudent or reasonable person under like circumstances." (273 Cal.App.2d at p. 26.) In *Beauchamp* v. *Los Gatos Golf Course, supra,* 273 Cal.App.2d 20, plaintiff, an invitee to defendant golf course, fell as she walked across a concrete veranda wearing golf shoes with worn down spikes. The court concluded at page 33: "Under *Rowland* v. *Christian, supra,* we are impelled to conclude that the obvious nature of the risk, danger or defect under (1) *supra,* can no longer be said *per se* to abridge the invitation given by the possessor of land, or to derogate his duty of care, so as to make his liability solely a matter of

law to be determined on a nonsuit. By that decision, this matter of law for the court is transmuted to a question of fact for the jury; namely, whether a possessor of land even in respect to the obvious risk has acted reasonably in respect to the probability of injury to an invitee; and whether or not the invitee used the property reasonably in full knowledge of any obvious risk entering into a subsequent injurious incident. [Citations.]" Factual issues the court found should be determined by the jury were "whether the club foresaw or reasonably should have foreseen that as constructed and maintained, there was an unreasonable risk of harm to golfers using the veranda so constructed with due care, wearing golf shoes with metal spikes. Whether or not a different facility should or could reasonably have been provided, should warning of the danger of slipping have been given to users wearing golf shoes with spikes?" (P. 31.) Also the issue of probable cause—a question of foreseeability—is one of fact for the jury. (*Rowland* v. *Christian,* 69 Cal.2d 108, 112-113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R. 3d 496]; *Beauchamp* v. *Los Gatos Golf Course,* 273 Cal.App.2d 20, 31 [77 Cal.Rptr. 914]; *Klopfenstein* v. *Rentmaster Trailer Co.,* 270 Cal. App.2d 811, 814-815 [76 Cal.Rptr. 126].)

█ It is undisputed that the small foyer of defendant restaurant was crowded with patrons congested to the point that plaintiff was unable to move about freely and her husband had to work his way up to see the hostess; there was no place to sit down and in order to get out of the way of patrons coming through the front door plaintiff moved back to the hinge side; as she stood there people were standing to her right, in front of her and around her but not between her and the door, and someone from the crowd "bumped" or "jostled" her "making room for somebody else to come in the door, possibly" and her finger went into the hinge where it was severed when the door opened and closed; and defendant had no attendants either outside or inside the foyer to direct patrons. This state of the evidence presents several factual issues not the least of which are (1) whether in the management of the restaurant defendant acted reasonably (*Rowland* v. *Christian,* 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496])—was there a lack of ordinary care on defendant's part in permitting its patrons to congregate in the small area of the foyer without giving them warning, direction or assistance; (2) the foreseeability of harm, an element in establishing defendant's duty as one using due care (*Beauchamp* v. *Los Gatos Golf Course,* 273 Cal.App.2d 20, 36 [77 Cal.Rptr. 914])—whether defendant foresaw or reasonably should have foreseen that when the foyer became congested with patrons during the dinner hour there was a reasonable risk of harm from the crowd to those waiting, and was the condition such as to put defendant on notice that a third patron might through accident, negligence or wilfulness cause

injury to another; and (3) whether a warning is required and whether one is effective to give protection (*Taylor* v. *Centennial Bowl, Inc.,* 65 Cal.2d 114, 124 [52 Cal.Rptr. 561, 416 P.2d 793])—whether different facilities should or could reasonably have been provided to deal with the crowd and the dangers inherent therein.

This brings us to what is the appropriate conduct of a landowner when his premises are crowded. We have found no California case that determines this precise matter although in *Chance* v. *Lawry's, Inc.,* 58 Cal.2d 368 [24 Cal.Rptr. 209, 374 P.2d 185], the Supreme Court in affirming judgment for plaintiff observed at page 374: "Lawry's knew that its restaurant and bar could accommodate as many as 300 persons at any one time, and that the small and narrow foyer, measuring 6 by 10 feet, would be crowded during the dinner hours. Moreover, Lawry's must be held to know that the members of a dinner party working their way through a crowded restaurant foyer cannot be expected to be as observant as a pedestrian in the open street." There plaintiff, who had dined in defendant restaurant, was with other members of her party in the foyer in the process of leaving by the front door when another party either arriving or leaving created a crowded condition; in order to relieve the congestion and permit someone to pass, plaintiff stepped backward and fell into an unfinished open planter box which was obvious but which she did not see, even though she could have seen it had she looked. In *Chance* v. *Lawry's, Inc., supra,* defendant created the danger by leaving an unfinished open planter box in the foyer; in the instant case defendant did nothing to the door in which plaintiff was hurt but it did knowingly permit a congested condition to occur in the small foyer. It can hardly be denied that there are numerous dangers to which a crowd exposes those in the crowd. ■ Not only, as observed in *Chance* v. *Lawry's, Inc., supra,* are people in a crowded foyer not as observant as in an open area and may be injured because of their failure to take cognizance of danger, but in a crowd in a close area especially when it moves to admit others thereto, it is reasonable to expect there to be a risk of physical harm to those in the crowd by being knocked down, bruised, burned by cigarettes, bumped into, stepped on, or jostled into a position of danger by the accidental, negligent or intentional acts of others. ■ The reasonable inference from the evidence is that plaintiff's injury resulted from the press of the crowd. After entering the foyer, because of the crowd plaintiff had limited powers of observation and limited choices of position in the room. As to her conduct, that too is a question for the jury. To sustain the nonsuit we would have to find that plaintiff's testimony cannot permit any conclusion or inference other than that defendant, having permitted the crowd to congest the small foyer of its restaurant, had no duty to use due care to guard patrons against it or to

give a warning adequate to enable them to avoid, or otherwise protect themselves against harm the crowd might bring, or to give them assistance or direction. This we are not prepared to do.

That the press of a crowd exposes those in it to danger is recognized in *Schwartzman* v. *Lloyd* (1936) 82 F.2d 822, 827 [65 App. D.C. 216], and by Restatement Second Torts, section 348 (formerly § 344), page 953 (adopted in California in *Taylor* v. *Centennial Bowl, Inc.,* 65 Cal.2d 114, 124 [52 Cal.Rptr. 561, 416 P.2d 793]) and Prosser, Law of Torts (3d ed.) pages 402-403 (see fn. 46). Of particular interest is the court's observation in *Schwartzman* v. *Lloyd,* 82 F.2d 822, at page 827: "[I]f the crowd is held . . . in a manner likely to cause injury, the storekeeper must use due care to guard against it. We think that evidence that the flow of a crowd collected by a defendant has been damned, whether at a loading platform . . . , or at a gate . . . , or in a store entry area-way . . . , without precautions . . . , without barricades, warnings or guards—is evidence from which reasonable jurymen might properly find that . . . the defendant had invited the public and the plaintiff into danger, without exercising ordinary care to render the premises reasonably safe for the visit." Under *Taylor* v. *Centennial Bowl, Inc.,* 65 Cal.2d 114 [52 Cal.Rptr. 561, 416 P.2d 793], whether a warning of danger should be given by a land occupier to his invitee, and whether such warning will suffice in the circumstances of a particular case and if not, whether he must give his patron other protection, are normally questions of fact for the jury. (P. 124.) Aware of the physical characteristics of the foyer and that on busy nights a crowd collects there, plaintiff's evidence shows that defendant took no precautions either against the congestion or any danger inherent in the actions of a crowd. Defendant could have eliminated any risk flowing from the crowd by having personnel either escort patrons out of the foyer, warn them not to enter while it is crowded or direct them into a line or roped off area where they could wait. Plaintiff could not explain how her finger found its way into the door except that she did not place it there intentionally; she did explain that immediately before, she was "jostled" or "bumped" by one of the crowd. The evidence is subject to the reasonable inference that plaintiff was "bumped" by the shoulder of another patron when he moved to allow others to enter the restaurant, and as she instinctively put up her hand to maintain her balance her finger went into the door. While defendant may argue that it could not have foreseen such injury, foreseeability is a matter for the determination of the jury. (*Klopfenstein* v. *Rentmaster Trailer Co.,* 270 Cal.App.2d 811, 815 [76 Cal.Rptr. 126].) Moreover, the fact that the injury occurred in an unusual manner and plaintiff did not know exactly how her finger happened to be in the door are matters for the consideration of the trier

of fact; and the fact that defendant neither foresaw nor should have foreseen the extent of the harm or the exact manner in which it occurred does not prevent it from being liable. (*Crowe* v. *McBride,* 25 Cal.2d 318, 322 [153 P.2d 727].)

The decisions of our appellate courts declare uncompromisingly that a factual issue should only be removed from a jury's consideration when reasonable minds cannot differ on the conclusion to be drawn from the evidence. (*Klopfenstein* v. *Rentmaster Trailer Co.,* 270 Cal.App.2d 811, 816 [76 Cal.Rptr. 126].) The evidence here and the applicable law present a situation in respect of which reasonable and honest people can come to different conclusions on the question of liability.

The judgment of nonsuit is reversed.

Wood, P. J., and Gustafson, J., concurred.