Nancy SHIRCLIFF, Appellant,

v.

The KROGER COMPANY, a Foreign Corporation, Appellee.

No. 51092.

Court of Appeals of Oklahoma, Division No. 1.

April 3, 1979.

Released for Publication by Order of Court of Appeals April 26, 1979.

Dan R. Brown, Lawton, for appellant.

Fenton, Fenton, Smith, Reneau & Moon by Donald R. Wilson, Oklahoma City, for appellee.

ROMANG, Presiding Judge:

Appellant alleged that while an invitee on the premises of Appellee, she was attacked by two other invitees as a result, *inter alia*, of the Appellee's failure to provide adequate security for the large crowd. The District Court sustained Appellee's demurrer to the evidence and Appellant appeals.

## I.

It is hornbook law that on a demurrer to the evidence the plaintiff's proof shall be construed most favorably to the plaintiff and the demurrer shall be sustained only if reasonable minds could not find or reasonably infer the elements of a *prima facie* case.

## II.

Appellant's proof indicated that she went to Appellee's premises in response to a newspaper advertisement seeking employees. A large crowd of 200–300 people were in line when a co-defendant of Appellee sought to advance her place in line by cutting in front of Appellant. After being requested by the Appellant to return to her original place the co-defendant refused whereupon the Appellant moved in front of her. At this time the co-defendant attacked Appellant causing her injury. After a lull in this confrontation another co-defendant (the first assailant's mother) also attacked Appellant. There were no security guards. Testimony indicated that the altercation was brief, created a lot of noise, that no employees of the Appellee sought to stop the fight (nor apparently did any public-spirited bystander), and that at least one construction employee of the Appellee observed the fight.

## III.

We agree with the District Court that, if believed, this evidence fails to establish any liability on the part of the Appellee.

The Appellant relies entirely on two cases. In *Fleming v. Allied Supermarkets, Inc.*, 236 F.Supp. 306 (W.D.Okl.1964) the U.S. District Court considered a case wherein the defendant-supermarket was accused of negligence when the plaintiff-customer was injured by a shopping cart being pushed by a 5-year old child. The child had been observed by a store employee and nothing done to stop him. The child had been running or trotting through the store for 11–30 minutes before the accident. Acting as trier of fact and law the Court found that

. . . a dangerous condition was created when a nondangerous grocery cart became coupled with a small child riding in the same and the same in such condition being pushed about the store and up and down the aisles and passageways of the store by another small child in a run or trot with impaired vision ahead. And when the storekeeper after seeing this dangerous condition in its store omits and does nothing to eliminate it, and in addition when such dangerous condition exists over a considerable period of time in the store and the storekeeper in the exercise of ordinary care should have known of such dangerous condition and remedied the same, it follows that liability is imposed upon the storekeeper for any injuries resulting to its customers from such dangerous condition. *Fleming, supra* at 309–310.

While holding the storekeeper to ordinary care *vis-a-vis* invitees the court held the storekeeper liable "for injuries inflicted on its customers by third parties if they were produced by dangerous conditions of which the storekeeper had actual or constructive notice." *Fleming, supra* at 309.

The only other case cited by Appellant is *Champlin Hardware Co. v. Clevinger*, 158 Okl. 10, 12 P.2d 683 (1932). In this case the Supreme Court considered the liability of a storekeeper who promoted sales of golf equipment by advertising the availability of a device, in the store, which would enable prospective purchasers to test their ability as an aid in selecting the proper equipment. The plaintiff was injured when struck by another business visitor testing his ability. The Supreme Court affirmed a judgment for the plaintiff citing Cooley on Torts (3d Ed.) as follows:

> [i]t has been stated on a preceding page that one is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit. *Champlin*, 12 P.2d at 687.

The most recent case cited on the possessors duty to a business visitor (for this term see Restatement of Torts (Second) (Restatement 2d hereafter) § 332(3)) is apparently *Davis v. Allied Supermarkets, Inc.*, Okl., 547 P.2d 963 (1976). In that case the Supreme Court held that a possessor was not liable for personal injury and property loss resulting from the actions of a purse snatcher in its parking lot adjacent to its grocery business as the result of the possessor's alleged failure to provide adequate lighting and security personnel for an area with a high crime rate. In reaching this result the Court indicated that to impose a duty to provide adequate security would turn the possessor into an insurer and that there was a lack of proximate cause.

Appellee refers us to a number of cases from other jurisdictions and cites Anno., Injury to Customer by Crowd, 20 A.L.R.2d 8 (1951), an annotation also relied upon by the U.S. District Court in *Fleming, supra.* As an example of cases refusing to hold the possessor liable to a business visitor for damages resulting from a crowd is *Tuttle v. Kline's, Inc.*, 230 Mo.App. 230, 89 S.W.2d 676 (1936) wherein the Court held:

> It seems to be well settled that the owner or the operator of a retail mercantile establishment, . . . if it exercises ordinary care in the construction and arrangements of its premises, including the doors and entrances thereto, it is not responsible for the action of crowds of customers who use such premises or doors, as it is not held to be able to anticipate that they will injure one another. . . . Of course, we are not intimating that a proprietor of a store who sees an unruly crowd, conducting itself in such a way as well calculated to result in injury to a customer, has no duty toward such customer, but we need say no more in this case than that he is not required to anticipate that a crowd will so conduct itself. 89 S.W.2d at 678.

But this view is not unanimous. Where a crowd was attracted by a promotional air drop of ping pong balls containing prize certificates it was held to be a jury question based on the foreseeability of the risk in *F. W. Woolworth v. Kirby*, 293 Ala. 248, 302 So.2d 67 (1974) but the plaintiff was held contributorily negligent in a similar episode where she had watched the drop two times that day. *Stewart v. Gibson Products Co.*, 300 So.2d 870 (La.App.1974). A defendant was held liable for injuries to an invitee at a sports event incurred when plaintiff was knocked down by two children running through a crowded football stadium where blocked exits slowed the crowd and it became unruly. *Caruso v. Tulane Univ.*, 300 So.2d 542 (La.App.1974).

And in *Martin v. Barclay Distributing Co.*, 13 Cal.App.3d 828, 91 Cal.Rptr. 817 (1970) it was held to be a jury question whether a restaurant owner was liable to a patron for being jostled and bumped in a small foyer in the restaurant which had become congested to the point of immobility. The foreseeability aspect of the possessor's duty was emphasized in *Belk-Hudson Co. v. Davis*, 132 Ga.App. 237, 207 S.E.2d

528 (1974) where the court noted lack of any prior, similar occurrences, i. e. children running and playing in the store, and the plaintiff's equal knowledge of risk and opportunity to avoid the harm. See also *Palmer v. F. W. Woolworth Co.*, 451 S.W.2d 850 (Ky.Ct.App.1970) and cf. Anno., Liability of Owner or Operator of Theatre or Other Amusement to Patron Assaulted by Another Patron, 75 A.L.R.3d 441 (1977).

The Restatement 2d § 344 provides:

[a] possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons . . . , and by the failure of the possessor to exercise reasonable care to

    (a) discover that such acts are being done or are likely to be done, or

    (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

The nature of this rule is further highlighted by comment f to this section:

Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safely of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

To a similar effect see Prosser, Handbook of the Law of Torts p. 393 (4th Ed. 1971) especially where he says " . . . there is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or those which the occupier did not know and could not have discovered with reasonable care. The mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it."

These principles are entirely consistent with our own case law. See *J. C. Penney Co. v. Barrientez*, Okl., 411 P.2d 841 (1966) and *Safeway Stores, Inc. v. Keef*, Okl., 416 P.2d 892 (1965). A possessor is not an insurer. There must be some duty violated before the damages suffered by the business visitor can be attributed to the possessor. That duty is one of ordinary care to bring dangerous conditions to the attention of the business visitor. Where the risk is not foreseeable, the possessor owes no duty to give notice. Where the risk was not originally foreseeable but later becomes foreseeable or known to the possessor, the possessor acquires a duty to take reasonable steps to alert the business visitor to the risk. But where the business visitor has equal access to the knowledge of the risk the possessor's duty to notify is discharged.

## IV.

In this case the existence of the crowd was known equally to the Appellant and Appellee. Any inferences as to the probable conduct of the crowd were equally knowable to both parties absent evidence that the circumstances or the past experience of the Appellee gave it superior knowledge that a dangerous condition might occur. As to any superior knowledge the record is silent. Furthermore, we are not dealing with an injury resulting from the actions of an unruly or crowded group. The actual injury is an assault by a single member of the crowd and her mother. Moreover, while there is no suggestion or evidence or provocation, the Appellant was an active participant in the dispute which

led to the assault. We find no duty on the part of a possessor to notify a business visitor that there may be crowds, is a crowd, or to anticipate, in the absence of some factual basis to do so, that the crowd will injure a visitor.

██ However, we do not mean to exonerate a possessor from all duties to protect and warn business visitors when crowded conditions create a dangerous situation. If foreseeable or if it occurs reasonable steps must be taken for the possessor is the one with the legal right, even if not in all cases the actual power, to control access to and conduct on his property. When unforeseen danger occurs, as when an orderly crowd turns into an unruly mob, duties other than mere notice arise. Notice permits the business visitor to take care of him or herself by avoiding the danger. But when conditions either don't permit the business visitor to avoid the risk or the risk arises so rapidly that the business visitor cannot extricate him or herself, then further duties of ordinary care arise.

█ In this case, the possessor cannot stand idly by while a business visitor is assaulted. It has a duty to take reasonable steps to stop the assault provided it is shown that it, or its agents, were aware that the risk had occurred and had time to take whatever steps were reasonable in the circumstances. Only if, and to the extent that, such reasonable steps could have avoided the injury can the possessor be held liable. Only then does the breach of duty lead proximately to the injury.

█ In this case testimony showed that the only employee who saw the altercation was a "construction" employee.

The Appellant's evidence on the length of time between the beginning of the first fight to the end of the second one ranged from one to ten minutes. Appellant testified the fights took ten minutes but admitted that since "it seemed like it took forever, . . . I guess it really didn't take as long as I thought . . . ." Other witnesses' testimony ranged from one to five minutes or "several minutes." In context we believe the District Court was right in sustaining the demurrer to the evidence. The construction worker who allegedly saw the altercation was on stilts at the time. We do not believe the testimony is susceptible of a construction that indicates the possessor, in the exercise of ordinary care, had time to fulfill its newly arisen duty. "What constitutes a reasonable time such a condition may exist before a store owner may be held negligent for failure to discover, and remove it . . . depends upon the facts of each case . . . .", *J. C. Penney Co. v. Barrientez, supra* at 848, unless reasonable minds cannot differ. The U.S. District Court in *Fleming, supra,* held the possessor liable for not acting to prevent a risk observable by its agents for 11–30 minutes. Where the evidence supported such a period of time a jury question was presented in the context of that case, i. e. a child pushing a shopping cart up and down the aisles while running. The evidence here would not support a similar finding.

█ The possessor's liability arises out of its knowledge and right to control. Where it invites the public onto its property for its benefit, it owes the public a duty to act to the reasonable extent of its knowledge and legal rights. As such, it is not an insurer but it does bear the burden of risks which it can most easily avoid or mitigate.

The District Court is affirmed.

AFFIRMED.

REYNOLDS, J., concurring.