73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 EMPLOYERS INSURANCE OF WAUSAU, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 95-6209.
(D.C.No. CIV-92-2094-R)
 United States Court of Appeals, Tenth Circuit.
 Dec. 26, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument. For the reasons set forth below, we affirm the decision of the district court.
 
 
 2
 Plaintiff Employers Insurance of Wausau (Employers Insurance) appeals the district court's grant of summary judgment to the defendant, the United States. Employers Insurance intervened in this action as a plaintiff because of its subrogation interest due to its payment of worker's compensation benefits to Mr. Robert Lee Alvis. Mr. Alvis originally brought this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671-2680. His action was based on injuries he sustained when he fell through an opening in a grate at Tinker Air Force Base while working as a painter for Hess, Sweitzer, and Brant (Hess). The opening had been covered with a drop cloth by another Hess employee. The district court found that "no reasonable factfinder could conclude that the United States knew or should have known of the hidden danger," which entitled the United States to judgment as a matter of law. See Aplts. App. at 66.
 
 
 3
 In reviewing the district court's grant of summary judgment de novo, we apply the same standard as did the district court under Fed.R.Civ.P. 56(c) and view the evidence in the light most favorable to the party opposing summary judgment. Jones v. Unisys Corp., 54 F.3d 624, 627, 628 (10th Cir.1995). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 In an action against the United States under the FTCA, "we resolve questions of liability ... in accordance with the law of the state where the alleged tortious activity took place," Franklin v. United States, 992 F.2d 1492, 1495 (10th Cir.1993); see also Collins v. United States, 708 F.2d 499, 500 (10th Cir.1983) (same), here Oklahoma law. Under Oklahoma law, a landowner's duty to another on his property varies according to whether that person is a trespasser, licensee, or invitee. Avard v. Leming, 889 P.2d 262, 267 & n. 3 (Okla.1994); McKinney v. Harrington, 855 P.2d 602, 604 (Okla.1993); Brewer v. Independent Sch. Dist. # 1, 848 P.2d 566, 571 (Okla.1993). "An independent contractor doing work on another's premises is an invitee in Oklahoma." McKinney, 855 P.2d at 604; see also Avard, 889 P.2d at 267 (An invitee is a person with "an express or implied invitation to be on the premises."); Taylor v. Hynson, 856 P.2d 278, 281 (Okla.1993) ("[A] person who goes on land to conduct business is a business invitee."). "A landowner has no duty to protect a business invitee from open and obvious dangers." McKinney, 855 P.2d at 604; accord Kastning v. Melvin Simon & Assocs., Inc., 876 P.2d 239, 240 (Okla.1994). The landowner does, however, have the "duty to keep the premises reasonably safe for the performance of the [business invitee's] work. This duty applies only to conditions or defects in the nature of hidden dangers, traps, snares or pitfalls that are not known or readily observed by the invitee." McKinney, 855 P.2d at 604 (citations omitted); see also Taylor, 856 P.2d at 281 ("An invitor has a duty to exercise reasonable care to prevent injury to a business invitee.").
 
 
 5
 The landowner is liable to the business invitee for an injury caused by one of the above-listed conditions only if (1) the landowner "knew or should have known of the dangerous condition or hidden defect," McKinney, 855 P.2d at 604, "in time sufficient to effect its removal or to give warning of its presence," Taylor, 856 P.2d at 281, and (2) the landowner failed to remove or warn of the condition or defect, McKinney, 855 P.2d at 604. "The basis of the invitor's liability rests on the owner's superior knowledge of the danger." Southerland v. Wal-Mart Stores, Inc., 848 P.2d 68, 69 (Okla.Ct.App.1993); see also Long Constr. Co. v. Fournier, 123 P.2d 689, 691 (Okla.1942) (same). Therefore, "where the business visitor has equal access to the knowledge of the risk the possessor's duty to notify is discharged." Shircliff v. Kroger Co., 593 P.2d 1101, 1105 (Okla.Ct.App.1979).
 
 
 6
 Hess was a business invitee of the United States, performing work as an independent contractor on the land of the United States, specifically Tinker Air Force Base. As Hess's employee, Mr. Alvis was himself a business invitee of the United States. Although the United States had "no duty to protect [Mr. Alvis] from open and obvious dangers," McKinney, 855 P.2d at 604--which the hole in which Mr. Alvis fell may have been before being covered by a drop cloth--the addition of the drop cloth prevented the hole from being "open and obvious." Instead, when the Hess employee covered the hole with a drop cloth without Hess then warning its employees of its existence, the hole became a "hidden danger[ ], trap[ ], snare[ ] or pitfall[ ]." See id. Nevertheless, the United States need only warn of such a hidden danger if it knows or should have known of its existence and if it is "not known or readily observed by the invitee," id., or if it "would not be observed by [the invitee] in the exercise of ordinary care," Harrod v. Baggett, 418 P.2d 652, 655 (Okla.1966); see also Long Constr. Co., 123 P.2d at 690 ("[A] possessor of land is subject to liability for bodily harm caused to business visitors ... if, but only if, he ... has no reason to believe that they will discover the condition or realize the risk involved therein. ... ). Employers Insurance cannot show the above conditions to be true.
 
 
 7
 We affirm the district court's grant of summary judgment to the United States for three reasons: First, Employers Insurance failed to present any evidence that the United States should have known of the hidden danger created by Hess's failure to warn its employees of the drop-cloth-covered hole. Second, there is no indication that the United States had superior access to the knowledge of this hidden danger. Finally, Employers Insurance has presented no evidence that the United States knew of this hidden danger in time to remove or warn of it.
 
 
 8
 First, although there is some evidence that the United States should have known that Hess would cover such a hole with a drop cloth, see Brief of Appellant at 8 (discussing requirement of Statement of Work for Protective Coating Maintenance at Tinker Air Force Base that items not to be painted be covered, requiring Hess to cover hole with drop cloth), the United States was entitled to assume that Hess would exercise ordinary care by warning its employees, such as Mr. Alvis, of the covered hole, see Harrod, 418 P.2d at 655 (An invitor is not required to warn a business invitee of hidden dangers that "would ... be observed by [the invitee] in the exercise of ordinary care."); see also Long Constr. Co., 123 P.2d at 690 ("[A] possessor of land is subject to liability for bodily harm caused to business visitors ... if, but only if, he ... has no reason to believe that they will discover the condition or realize the risk involved therein....). Mr. Alvis's lack of knowledge of the covered hole was, therefore, due to either the negligence of his coworker, in not telling the Hess supervisor what he had done, or the negligence of Hess, in knowing of the covered hole and not warning its employees.
 
 
 9
 In Fleming v. Allied Supermarkets, Inc., 236 F.Supp. 306 (W.D.Okla.1964), cited in Shircliff, 593 P.2d at 1103, the court found that under Oklahoma law, "when an object which is obvious and not dangerous of itself becomes a part of a potentially dangerous physical condition or surrounding because joined with other circumstances created by acts or omissions of the [business invitor]," Fleming, 236 F.Supp. at 309 (citing J.J. Newberry Co. v. Lancaster, 391 P.2d 224 (Okla.1964)), the business invitor is then liable "for any injuries resulting to its customers from such dangerous condition," id. at 309-10. Applying the rule in Fleming to this case, there is simply no evidence that the United States, through any acts or omissions, caused the opening through which Mr. Alvis fell to become dangerous. The danger was created when Hess failed to warn its employees that one of its employees had covered the opening with a drop cloth.
 
 
 10
 The second basis for affirming the district court's grant of summary judgment to the United States is that Employers Insurance cannot show that the United States had "superior knowledge of the danger." Southerland, 848 P.2d at 69. Instead, it has shown that Mr. Alvis had equal access to the knowledge of the hidden danger. It is uncontroverted that one of Hess's employees placed a drop cloth over the hole through which Mr. Alvis fell. See Aplts. App. at 11, 34. By doing so, through its employee, Hess itself caused a possibly "open and obvious" danger to become "hidden." In the exercise of ordinary care, Hess should have warned its employees of this hidden danger, thereby making Mr. Alvis's access to the knowledge of this hidden danger equal or superior to that of the United States. See Shircliff, 593 P.2d at 1105. Therefore, even assuming that the United States "knew or should have known of the dangerous condition or hidden defect," McKinney, 855 P.2d at 604, Mr. Alvis's access to the knowledge of the hidden danger discharged the United States from its duty to warn him of it.
 
 
 11
 Finally, although we have found that the United States should not have known that the hole would be covered without Hess warning its employees of that danger, Employers Insurance has also failed to present evidence that the United States had such knowledge, constructive or actual, "in time sufficient to effect its removal or to give warning of its presence." Taylor, 856 P.2d at 281. Employers Insurance presents no evidence indicating the length of time that the drop cloth was on the grate. It also provides no evidence showing the regularity of the United States' inspections of the area where Hess was working or that the drop cloth was in place when the inspections were conducted.
 
 
 12
 We therefore AFFIRM the district court's grant of summary judgment to the defendant. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)