## PRATT v. HANCOCK et al.

No. 15037—Opinion Filed Jan. 26, 1926.

Rehearing Denied May 11, 1926.

**1. Trial—Exclusion of Evidence—Demurrer to Evidence—Closing Case.**

A trial court does not commit error in excluding testimony offered by a defendant which cannot legally affect the question of his personal liability in the action, and

where the plaintiff's testimony establishes not only the personal liability of the defendant, but acts and conduct on his part amounting to an acknowledgment of liability, a demurrer to plaintiff's evidence is properly overruled.

## 2. Appeal and Error—Discretion of Trial Court—Closing Case.

Where all witnesses in attendance on a trial have been examined, it is a matter of judicial discretion whether the court shall hold the case open for the procurement of other witnesses not subpoenaed in the case, and unless a clear abuse of this discretion is shown the action of the trial court in closing the case without waiting for such testimony will not be disturbed by this court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by A. H. Snyder against R. L. Hancock and Louis W. Pratt to establish and foreclose a lien. Pleas of intervention by Central Torpedo Company, Parkersburg Rig & Reel Company, and McEwen Manufacturing Company. Judgment was rendered against R. L. Hancock and Louis W. Pratt in favor of interveners, and Louis W. Pratt brings error. Affirmed.

This action was originally commenced in the district court of Tulsa county by A. H. Snyder filing his petition against R. L. Hancock and Louis W. Pratt to foreclose a lien for work and labor on a certain oil and gas lease. The Parkersburg Rig & Reel Company was permitted to intervene, and alleged in substance that the materials furnished by it were furnished under an oral contract with R. L. Hancock acting for himself and as agent for Louis W. Pratt, and for Louis W. Pratt, trustee. Substantially, the same allegations were made by the Central Torpedo Company and by the McEwen Manufacturing Company. Louis W. Pratt conceded the liens claimed by the various parties, and contested only their rights to personal judgment against him.

It appears that in 1920, R. L. Hancock held certain oil and gas leases as trustee, and that he assigned the same or an interest therein to Louis W. Pratt, who was thereafter associated with Hancock in the development of the same. Hancock was to do the drilling at a stipulated price, and Pratt was to bear the expense of operations except that Hancock owned and furnished the rig and tools with which the drilling was done. On November 29, 1920, Pratt entered into a contract for the sale of his interests in said leases to a man named Weber, but this contract was never carried out, nor the purchase money paid by Weber. All of the materials and supplies forming the basis of the claims against Hancock and Pratt were furnished at the request or upon the written order of Hancock, and charged to the account of Louis W. Pratt, trustee. No question is made as to the correctness of the items in these various accounts, but the contention of Pratt is that whatever interests in said leases were held by him, he held as trustee, and that, therefore, he is not personally liable for the same.

A jury being waived the issues of fact were submitted to the court, and the court rendered judgment in favor of all the interveners against R. L. Hancock and Louis W. Pratt, and after unsuccessful motion for new trial Louis W. Pratt has brought the case here by petition in error with case-made attached for review.

J. E. Springer, for plaintiff in error.

W. A. Chase and W. A. Sipe, Jr., for McEwen Manufacturing Company.

Carter Smith, for Parkersburg Rig & Reel Company.

G. C. Spillers, for Central Torpedo Company.

Opinion by LOGSDON, C. Plaintiff in error relies upon three propositions for reversal, as follows:

"First. The trial court erred by refusing to permit the defendant Pratt to prove that at the time of the purchase of the supplies by the defendant Hancock, he had no personal interest in the lease and by refusing to permit the defendant Pratt to prove that the only interest he ever had was that of a representative capacity—trustee of Mr. McKenzie et al., of Vancouver, B. C., R. L. Hancock, Peter Adamson and the Hathaways of Tulsa, Okla.

"Second. The trial court erred in overruling the demurrer of the defendant Pratt to the evidence introduced and by rendering a personal judgment against him.

"Third. The court erred in abruptly closing the case and refusing to admit competent and material testimony which was immediately at hand."

It appears that all of the material and supplies furnished by the Central Torpedo Company and the McEwen Manufacturing Company were furnished during September and October, 1920. Hancock ordered the supplies and ordered the same charged to Louis W. Pratt, trustee, who was then absent from the state. On Pratt's return

Hancock told him of these purchases and requested that he pay same out of the trustee account. It seems that there were no funds in the trustee account, and Pratt thereupon went to the McEwen Manufacturing Company and gave them a statement of the properties owned by himself and Hancock as a basis for credit to the amount of $2,000. Later, H. D. Streder, representing the Central Torpedo Company, presented two claims to Mr. Pratt aggregating about $1,200. At that time Mr. Pratt made no denial of his personal liability on said claims, but gave his personal check to Mr. Streder for a small amount to be credited thereon. The executory contract for the sale of the leases to Weber was not entered into until November 29, 1920, so that liability upon the claims of the Central Torpedo Company and the McEwen Manufacturing Company could not in any way be affected by that transaction, and the trial court correctly so held.

As to the claim of the Parkersburg Rig & Reel Company, which accrued in March, 1921, it is insisted that at the time this account was created, the properties were in the hands of a receiver appointed by the United States Court for the Eastern District of Oklahoma, and that Pratt is, therefore, not liable thereon. The evidence discloses, however, that in an application to vacate said receivership filed by Pratt in the United States District Court, he alleged title and ownership in himself to an undivided one-half interest in the properties. It is further disclosed that the receivership was vacated on Pratt's application, and that the storage tanks covered by the claim of the Parkersburg Rig & Reel Company were furnished at the request of R. L. Hancock, who was conducting the drilling operations on the leases, and that one or two at least of these tanks were ordered by Pratt personally at the request of Hancock.

Pratt knew at the time he made the statement for credit to the McEwen Manufacturing Company, and at the time he made the partial payment by personal check to H. B. Streder on the account of the Central Torpedo Company, and at the time the storage tanks were ordered by himself and Hancock from the Parkersburg Rig & Reel Company, that there were no funds in the trustee account with which to discharge these various claims. In 30 Cyc. 333, the rule of liability of a trustee is thus stated:

"The trustee may, and should, in making contracts, expressly stipulate that the trust estate, and not he, shall be liable thereon, for, in the absence of such express agreement absolving him from liability, a contract made by him is binding on and enforceable against him alone."

In 26 R. C. L. 1316, the same rule is somewhat elaborated as follows:

"The general rule undoubtedly is that a trustee cannot charge the trust estate by his executory contracts unless authorized to do so by the terms of the instrument creating the trust, but on such contract he is personally liable and the remedy is against himself personally, for the trust estate cannot promise, and unless he is bound no one is bound, for he has no principal, and the rules which determine the liability of an agent are not applicable to trustees. Accordingly, a person contracting with the trustee cannot proceed directly in the first instance against the trust estate. Applying the rule stated, one who makes advancements, or extends credit, or renders services or furnishes necessaries to trustees, though made in the execution of the trust, or to enable them to perform their legal duties under the trust, creates only a personal liability against the trustees."

It is clearly evident from the evidence preserved in the record that these various accounts involved in this action were personal obligations of R. L. Hancock and Louis W. Pratt. The offered testimony, tending to show the existence of a trust relation on the part of Pratt toward the leaseholds on which the materials and supplies were used, could not in any way affect his personal liability in this action, for it was not claimed by him that such trust relation was disclosed to these various creditors at the times when the purchases were made, nor that the credit which they extended was extended to the trust estate. On the contrary, it appears that whatever credit was extended was extended to Hancock and Pratt as individuals, and as persons having interests in the leases and who were engaged in developing the same. Neither could the executory contract entered into between Pratt and Weber affect the personal liability of Pratt, for the reason that the same never became a binding contract, and the application of Pratt filed in the United States Court some three or four months later, for the purpose of vacating the receivership, showed that he then claimed to own an undivided one-half interest in the properties covered by the contract with Weber. The trial court, therefore, committed no error in rejecting this offered evidence, and it necessarily follows that the trial court committed no reversible error in overruling the demurrer of the defendant Pratt to the evidence of the interveners.

The third proposition relied on involves

a matter purely of judicial discretion. When all of the witnesses of the parties, who were present in court. had testified, the court asked if there were any other witnesses, and Mr. Pratt stated that he had a witness for whom he had telephoned. This witness was not under subpoena, was not in the courtroom, and it was purely a matter of judicial discretion whether the court should hold the case open in order that a prospective witness not under subpoena might be persuaded to come into court and give his testimony. In the absence of a clear showing that the action of the court constituted an abuse of discretion, this court will not interfere therewith. Such abuse of discretion is not shown in the instant case.

For the reasons herein stated, the judgment of the trial court in favor of the interveners and against the defendant Louis W. Pratt is in all things affirmed.

By the Court: It is so ordered. .

Note.—See under (1) 4 C. J. p. 1004 § 2986; 38 Cyc. pp. 1548, 1943: 26 R. C. L. p. 1062; 3 R. C. L. Supp. p. 1490; 4 R. C. L. Supp. p. 1694; 5 R. C. L. Supp. p. 1437. (2) 4 C. J. p. 810 § 2781; 38 Cyc. p. 1299: 26 R. C. L. p. 1024, et seq.; 4 R. C. L. Supp. p. 1692; 5 R. C. L. Supp. p. 1435.