## DETRICK et al. v. KITCHENS.

No. 28464. Jan. 31, 1939.

Twyford & Smith and William J. Crowe, for plaintiffs in error.

Gill & Van Meter, for defendant in error.

HURST, J. This is an action to quiet title to property in Oklahoma City, instituted by the plaintiff, C. R. Kitchens, against C. E. Detrick and wife. The plaintiff acquired title on March 27, 1935, from the record owner, E. K. Cowley and his wife. The record discloses that in 1929 defendants had entered into a written contract with Cowley to purchase the property. They assumed two mortgages and paid some cash as consideration, and occupied it until November, 1931. Thereafter, they rented it to various persons and eventually they turned it over to the Mutual Savings & Loan Association to rent and apply the proceeds on the mortgage held by it. Detrick then left Oklahoma City. The contract between Detrick and Cowley was not recorded until in April, 1936. Before purchasing the property, Kitchens rented it from the Mutual Savings & Loan Association and occupied it about two months as a tenant. The evidence is clear that Kitchens had no actual knowledge of the Detrick contract or that Detrick claimed an interest in the property until long after he (Kitchens) had purchased it, and the court so found. The property was unoccupied at the time Kitchens moved into it. From a judgment in favor of Kitchens, Detrick and wife appeal.

It is first argued that the court committed error in refusing to admit in evidence certain correspondence between the Mutual Savings & Loan Association and Cowley. These letters were offered on the theory that the Mutual was acting as the agent of Kitchens in negotiating the sale from Cowley to Kitchens. The letters made reference to the claim of Detrick to the property. It is contended that the knowledge of the Mutual is imputed to its principal, Kitchens. The trial court held that the Mutual was acting as the agent of Cowley and not of Kitchens and that the letters were not admissible. Plaintiffs in error point to the statement of Kitchens, "Well, you get busy on it and get me a good deed to the property and a guaranteed title and I will accept it," as the appointment by Kitchens of the Mutual as his agent. But it must be borne in mind that this statement was made immediately following an offer of sale made by a representative of the Mutual, as follows: "We can sell you that property now." Our conclusion, from a

review of all the evidence, is that the Mutual was acting at all times as agent for Cowley and not for Kitchens. The evidence is that it rented the property to Kitchens, that it collected the rents, and that it offered the property to Kitchens for sale.

The rule is well settled that where an agent, acting in the scope of his authority, receives notice or knowledge, such notice will be imputed to his principal, but where one whose knowledge is sought to be imputed to a party is not in fact the agent of the party, the knowledge of the alleged agent will not be imputed to that party. 2 C. J. 864, sec. 544.

Since the Mutual was not the agent of Kitchens, and therefore the knowledge of the Mutual is not imputed to Kitchens, it follows that the court did not commit error in refusing to admit in evidence the letters, for the reason that the knowledge of the Mutual is irrelevant and immaterial. Pratt v. Hancock (1926) 117 Okla. 300, 246 P. 220. It is not contended that Kitchens had actual knowledge of the existence of the letters or their contents.

It is next contended that the judgment of the court is contrary to the evidence in that Kitchens was put on notice of the Detrick claim. The evidence on which this claim is based is (a) that Detrick had some household goods stored in an outbuilding on the property, and (b) that one Davis, who occupied the property until a short time before Kitchens moved in, told Kitchens that he had rented the property from Detrick at one time.

(a) It appears that the small outbuilding, in which the furniture was stored, was locked up and had no windows, and Kitchens did not know that there was any furniture in it until after he had purchased the property. The fact that the furniture was on the property under such circumstances was not sufficient to put Kitchens on notice of Detrick's claim. Where a person has actual knowledge of facts sufficient to put a prudent man upon inquiry, he has notice of everything which such inquiry would disclose. Trosper v. McKee (1931) 153 Okla. 12, 4 P.2d 755; Ft. Dearborn Trust & Savings Bank v. Skelly Oil Co. (1930) 146 Okla. 179, 293 P. 557. As to what facts are sufficient to put a party on inquiry, no set rule can be laid down. Each case must rest upon its own facts. It is clear, however, that "there must appear in the nature of the case such a connection between the facts discovered and the further facts to be discovered that the former may be said to furnish a reasonable and natural clue to the latter. Circumstances that are dubious or equivocal are not sufficient to take the place of actual notice."

46 C. J. 546, sec. 33. Here, the actual knowledge relied upon to put Kitchens upon inquiry was the knowledge that the small outbuilding was locked. This information did not furnish a clue to the ultimate fact—that Detrick had a claim by contract against the property. Rather, the fact that the building was locked referred more rationally to the prior owner's continued possession, and where the actual knowledge is equally as well referable to a different matter as to the one notice of which is sought to be charged, it is not sufficient. 46 C. J. 547, sec. 37.

(b) As to the testimony of Davis that he told Kitchens that he had rented the property from Detrick, the record discloses that Kitchens denied any such conversation. Furthermore, Davis testified that he told Kitchens to see the Mutual about renting the property. He testified that he did not tell Kitchens that Detrick owned the property. A representative of the Mutual testified that the Mutual rented to Kitchens.

From a review of the entire record and the testimony above referred to, we are of the opinion that the judgment of the trial court holding that Kitchens is an innocent purchaser is not against the clear weight of the evidence. Under such circumstances, this being a case of equitable cognizance, this court will not disturb the finding of the trial court. Ball v. Fleshman (1938) 183 Okla. 634, 83 P.2d 870.

Affirmed.

BAYLESS, C. J., and RILEY, CORN, and DANNER, JJ., concur.