GULF PETROLEUM CO. v. BOLING.

No. 31702. April 10, 1945.

157 P. 2d 738.

Twyford, Smith & Crowe, of Oklahoma City, for plaintiff in error.

Wade Arends, of Oklahoma City, for defendant in error.

DAVISON, J. This cause is presented on appeal from a judgment of the dis-

trict court of Oklahoma county in an action to quiet title wherein the Gulf Petroleum Company was plaintiff and S. R. Boling was defendant. The trial of the cause was to the court without the aid of a jury. The judgment was for the defendant, and plaintiff appeals, appearing before this court as plaintiff in error. Our further reference to the parties will be by their trial court designation.

In presenting the cause on appeal plaintiff says that:

"Actual notice that there was a tenant in possession placed the duty on one seeking the purchase of the land to inquire of the tenant as to the true owner. Failure to so inquire gave the purchaser notice of the true owner's rights. He cannot be heard to say that he had no notice of the rights of the true owner."

The legal position thus taken would possibly be sound if the evidence in the cause permitted inquiry into the problem from the angle suggested; however, the evidence does not justify such an approach.

About 20 years ago a man by the name of Rucker came to Oklahoma City intending to enter the oil business. He organized several companies or corporations, among them the Gulf Petroleum Company.

In 1934, the 80 acres of land involved herein was purchased from Otis Garrett and A. D. Erdberg and the title thereto was taken in the name of Ben F. Mehr. The deed recited that the title would be "subject to $1,500 mortgage of record and subject to mineral deed for 25/80ths of minerals which has heretofore been conveyed."

Mr. Mehr, as a witness, asserted that the 80-acre tract was purchased by Mr. Rucker for the Gulf Petroleum Company. That about a month after the purchase he discussed with Mr. Rucker the question of who should own the property, and that it was then agreed between Mr. Rucker and himself (Mr. Mehr) that he, Mehr, should own the surface of the land and Rucker or his company should own the royalty or oil

rights acquired. In consideration of the acquisition of the surface, Mehr agreed to pay off the mortgage which was on the land.

In the early part of 1940 Mehr listed the property for sale with Ben Lyon, a real estate broker of Edmond, Okla. Soon after the listing the broker located a purchaser. It was discovered that Mehr had a judgment against him which constituted a lien on the land. Mr. Lyon was unable to obtain a release of the judgment and the purchaser withdrew from the transaction. The sale was not consummated.

Mr. Lyon then located Mr. S. R. Boling, who lived about one and one-half miles from the land, and offered to sell the farm to Mr. Boling. A purchase price of $1,850 was agreed upon, and on May 15, 1941, Mr. Boling paid to Mr. Lyon the sum of $185. Thereafter, on June 27, 1941, Mr. Boling paid the sum of $1,466, making a total payment of $1,651. He also paid $200 to secure the release of a judgment against Mehr. The total consideration was therefore $1,851.

On June 26, 1941, Ben F. Mehr and Anna Wheeler Mehr, husband and wife, executed and delivered to S. R. Boling a warranty deed to the 80-acre tract of land, except that it was made subject to "all of the oil and gas and other mineral rights which have been formerly conveyed." The deed was recorded on June 27, 1941.

Thereafter, and on July 8, 1941, Ben F. Mehr executed a quitclaim deed to the Gulf Petroleum Company, which deed was recorded on July 8, 1941.

Mehr testified that prior to the execution of the deeds referred to in the two preceding paragraphs, all of the royalty which had been conveyed in the original deed had been sold.

On October 3, 1941, this action to quiet title was instituted by the Gulf Petroleum Company, as plaintiff, against S. R. Boling, as defendant. On the trial of the cause Rucker appeared as a witness for the plaintiff. He testified in substance that the 80 acres of

land involved in this action was purchased in 1934 by the Gulf Petroleum Company. He denied that any conversation occurred in July of 1934 between Mr. Mehr and himself in which it was agreed that Mr. Mehr should own the surface and the company should own the royalty and oil rights.

The company also produced Mr. F. E. McKee, who testified that he rented the land in 1939 and was in possession thereof as a tenant of the Gulf Petroleum Company up until and after the date of the sale of the land to Boling in June of 1941. On cross-examination, however, McKee admitted that he signed a letter which was addressed and transmitted to defendant in which he stated that he understood that defendant was buying the land from Mehr. This letter involved the possession of the land and indicated that Mehr was the owner thereof.

There is a sharp and definite conflict in the evidence as to who owned the land in June of 1941.

In an action to quiet title the determination of whether the action is of legal or equitable cognizance is a question of paramount importance in determining the rights of the parties in this court.

In Allen v. Jones, 188 Okla. 546, 110 P. 2d 911, we reviewed and considered the question. We therein pointed out that where equitable relief is sought which so completely overshadows incidental legal relief that legal relief can only be proper if equitable relief is granted, the action is equitable in nature insofar as the trial and the determination of issues is concerned.

In the case at bar plaintiff sought first a cancellation of the deed from Mehr to Boling and, second, a decree quieting its title in and to the land in question.

On this point we said in Allen v. Jones, supra, that:

"The second line of decisions, holding the action one in equity in which the parties are not entitled to a jury, is where a party out of possession sues one in possession to cancel a conveyance, under which the party in possession has legal title, and also seeks rescission because of fraud, mistake, duress, or undue influence, practiced in procuring the deed, or on the theory of a constructive or resulting trust, or any other theory equitable in its nature. In such cases it is held that the gravamen of the action—the paramount or controlling question—is the right to cancel the deed and re-invest title in the complaining party, from which possession follows as an incident to equitable relief. . . ."

Under the foregoing rule the case at bar is of equitable cognizance. It therefore becomes our duty in reviewing the same on appeal to weigh the evidence. However, we should accept the judgment of the trial court unless the same is against the clear weight of the evidence. Ball v. Fleshman, 183 Okla. 634, 83 P. 2d 870; Detrick v. Kitchens, 184 Okla. 293, 86 P. 2d 998.

Our review of the evidence in the case at bar fails to disclose such a difference in the proof and judgment. Mr. Mehr's testimony with reference to ownership of the land is specific and positive. He states that he owned it before he executed the deed to Mr. Boling. If Mehr owned the land as he states, then he had a perfect right to negotiate and consummate its sale.

The judgment of the trial court for the defendant, Boling is not against the clear weight of the evidence. It is therefore affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur. ARNOLD, J., not participating.