Mary ROSS, Appellee,

v.

OTIS ELEVATOR COMPANY, Appellant,

and

Lester Cummings, d/b/a American Building of Ada d/b/a Cummings and Cummings, Appellee.

No. 46311.

Supreme Court of Oklahoma.

July 8, 1975.

Rehearing Denied Sept. 9, 1975.

Stipe, Gossett, Stipe & Harper, Oklahoma City, for appellee Mary Ross.

J. A. O'Toole, Oklahoma City, for appellant.

DOOLIN, Justice.

This is an action for damages for personal injuries sustained when plaintiff tripped over a board in a barricade erected to protect the elevator hoistway where defendant Otis Elevator Company (Otis) was replacing the old elevator with a new one.

Plaintiff testified that she had entered the American Building, owned by defendant Cummings, intending to visit a tenant on the fourth floor. Two employees of Otis were working in the elevator shaft, and because of this the doors had been removed and a barricade placed in front of the opening to protect anyone who might approach the hoistway.

At the time of accident, the only access to the upper floors was by way of the stairway. As plaintiff walked up the stairs, she testified that she did not notice any obstruction at the foot of the stairs. On her way down the stairs, however, she caught her foot between a board protruding from the barricade and the last step, causing her to fall and sustain permanent injuries.

Otis had a contract with Cummings for replacement of the elevator which provided among other things that Cummings would provide suitable barricades to protect the hoistway while the work was in progress. The issue presented on this review is whether the trial court erred in refusing to admit this contract into evidence. We hold that it did not.

The trial court refused to admit as irrelevant, any evidence at all relating to the contractual obligation of Cummings to provide the barricade, and no instructions were given relating to the contract responsibility. Otis claimed error. A jury verdict was returned against Otis for $10,000 while Cummings was exonerated, and Otis appealed.

In an unpublished opinion the Court of Appeals reversed the judgment of the trial court with directions to allow a new trial as against Otis only, and to admit the contract into evidence for the reason that such contract was evidence as to who had the duty to maintain the barricade. Plaintiff's petition for rehearing was denied by the Court of Appeals and she now seeks certiorari.

 Plaintiff was a business visitor or invitee of the owner, defendant Cummings. The owner or occupier of a building is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. *Safeway*

*Stores Inc. v. Criner,* 380 P.2d 722 (Okl. 1963). Thus Cummings had a duty of reasonable care to the plaintiff irrespective of any contract that might exist between Cummings and Otis.

■ Where injury to an invitee results from a dangerous condition not created by proprietor but traceable to persons other than those for whom he is responsible, proof that proprietor was negligent with respect to such condition requires a showing that he had actual notice thereof or that the condition had existed for such length of time that in exercise of ordinary care he should have known of it. *Smith v. Mr. D's Inc.,* 197 Kan. 83, 415 P.2d 251 (1966).

Plaintiff testified that the protruding board that caused her to fall was not in front of the stairs when she ascended. She remained upstairs about five minutes and upon her return the barricade had been moved so that the offending board blocked her safe descent. Ordinarily this length of time would not be sufficient to put Cummings on notice of the danger.

Testimony at trial also indicated that at the time of the accident, employees of Otis were entering and exiting the elevator hoistway in the course of their repair work in order to exchange tools from the tool box. It was foreseeable that this would require the barricade to be moved.

The trial court instructed the jury as to the duty of reasonable care owed to the plaintiff by Otis and by Cummings. The jury found by the evidence that Otis had breached this duty by negligently placing the barricades in such a position as to cause the plaintiff to fall and thus was liable for her injuries. The jury found Cummings was not liable for plaintiff's injuries. That decision is not the subject of this appeal.

Both defendants owed plaintiff a duty to keep the premises safe. Such duty cannot be changed by the introduction of a contract indicating who was to construct and place the barricade.

■ 76 O.S.1961, § 5(a) (Supp.1974) provides that everyone is responsible for his own negligent acts;[1] the fact of the existence of the contract is irrelevant to this issue and will not alter the responsibility of Otis.

The cases cited by Otis as standing for the proposition that the contract was relevant to the issue and should be entered into evidence are not applicable to the case at bar. In *Chaney v. Lackey,* 204 Okl. 398, 230 P.2d 720 (1951), the breach of the contract admitted was the subject of the action. *Globe & Rutgers Fire Ins. Co. v. Roysden,* 208 Okl. 660, 258 P.2d 644 (1953) was an action for proceeds of a fire insurance policy covering personalty. The policy was the subject of the suit and was admitted into evidence only for the purpose of establishing the difference in rates charged, which was held not to be error.

■ We agree with Otis that a fact is relevant if it legally tends to prove some matter in issue made by the pleadings or to make a proposition in issue more or less probable. *Short v. Unsell,* 497 P.2d 1060 (Okl.1972). However, exclusion of evidence that has no bearing on and does not tend to prove or disprove any issue raised by the pleadings is not error. *Cox v. Sarkey,* 304 P.2d 979 (Okl.1957). Evidence of collateral or other facts which do not afford a reasonable presumption or inference as to the principal fact in dispute is irrelevant and inadmissible. *Nesbitt v. Home Federal Savings and Loan Association,* 440 P.2d 738 (Okl.1968). Excluding testimony offered by defendant, which cannot legally affect the question of his personal liability

---

1. § 5(a) **Everyone is responsible, not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of** his property or person, except so far as the latter has, wilfully or by want of ordinary care, brought the injury upon himself, and except as hereinafter provided.

is not error. *Pratt v. Hancock*, 117 Okl. 300, 246 P. 220 (1926).

 As previously stated, the contract could not have any bearing on the issue of primary negligence. The contract was between the defendants; the plaintiff was not a party. If the contract could be considered to be one of indemnity, the interpretation might possibly alter the ultimate burden of liability. But this action is not an action on the contract. The decision as to *whether or not* the provisions in the contract purporting to make Cummings responsible for the barricades are provisions of indemnity should be decided in a separate action.

Certiorari granted, Court of Appeals reversed, Trial Court affirmed.

WILLIAMS, C. J., HODGES, V. C. J. and LAVENDER, BARNES, and SIMMS, JJ., concur.

IRWIN and BERRY, JJ., dissent.

DAVISON, J., did not participate.