2002 OK CIV APP 93

**Joanne SAGONA, Plaintiff/Appellant,**

v.

**SUN COMPANY, INC., Defendant/Third Party Plaintiff/Appellee,**

v.

**DHA Facilities Management Group, Inc., Third Party Defendant.**

**No. 94,701.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 31, 2002.

Certiorari Dismissed Sept. 24, 2002.

James R. Hicks, Morrel, West, Saffa, Craig & Hicks, Inc., Tulsa, for Plaintiff/Appellant.

Robert P. Redemann, Michael F. Smith, Rhodes, Hieronymous, Jones, Tucker & Gable, P.L.L.C., Tulsa, for Defendant/Third Party Plaintiff/Appellee.

## OPINION

ADAMS, J:

¶1 Joanne Sagona appeals a trial court judgment accepting a jury verdict in favor of Sun Company, Inc. (Sun) in her action for damages arising out of injuries she allegedly sustained when the doors to an elevator in Sun's office building closed on her left wrist as she was attempting to keep the doors open.[1] Sagona's sole allegation of error on appeal is that the trial court erred in treating her as a licensee rather than an invitee and therefore improperly instructed the jury with regard to Sun's duty of care. Because we agree that Sagona was an invitee in Sun's building, we reverse and remand for new trial.

¶2 The essential facts are not in dispute. Sun owned the building where the injuries occurred. Sagona was allegedly injured after she left her husband's office where she had come to meet him for lunch. Sagona's husband was admittedly Sun's tenant. Because he was in a meeting when she arrived, her husband asked her to wait for him downstairs. After she entered the elevator to descend from the ninth floor, on which her husband had his office, she stuck her hand against the elevator doors to keep them open because she believed she heard someone else approaching the elevators to get on. However, the doors closed anyway, trapping her hand and wrist.

¶3 Sagona presented evidence and argued at trial that the elevator was unsafe because the safety bumpers did not function properly and that Sun knew or should have known of that condition and corrected it or warned her about it. According to that evidence, the danger in the elevator was common knowledge to the building's tenants, and those who worked in the building and Sun had not performed any tests on the safety bumpers for more than a year prior to this incident. Over Sagona's objection, the trial court told the jury that Sagona was a licensee and instructed the jury on Sun's duty of care by using OUJI–CIV 11.13.[2] Under that instruction, Sun would be liable only if Sagona proved by a preponderance of the evidence that Sun "actually" knew about the danger presented by the elevator.

¶4 Sagona asked the trial court to tell the jury that she was an invitee and instruct the jury on Sun's duty by using OUJI–CIV 11.10.[3] Under that instruction, Sun could be liable if the jury concluded Sun should have discovered the danger by the exercise of reasonable care. Therefore, the trial court's decision on Sagona's status effectively eliminated consideration of all of Sagona's evidence concerning lack of testing.

¶5 This significant difference between the standard by which the jury evaluated

---

1. Sun dismissed its third party claim against DHA Facilities Management Group, Inc. prior to trial.

2. That instruction, which the trial court adapted to reflect Sagona's gender and Sun's status, provides:

   The [owner/occupant] of premises has a duty to a licensee, whose presence on the premises is known or reasonably should be known, not to injure [him/her] 1) by a willful or wanton act, or 2) by needlessly exposing [him/her] to danger by a failure to warn of any hidden danger on the premises that is known to the [owner/occupant] and that the licensee is not likely to discover by [himself/herself]. This duty is limited to any hidden danger that the [owner/occupant] actually knows about, and the [owner/occupant] has no duty to inspect the premises for hidden dangers.

(Brackets in original).

3. This instruction provides:

   It is the duty of the [owner/occupant] to use ordinary care to keep [his/her/its] premises in a reasonably safe condition for the use of [his/her/its] invitees. It is the duty of the [owner/occupant] either to remove or warn the invitee of any hidden danger on the premises that the [owner/occupant] either actually knows about, or that [he/she/it] should know about in the exercise of reasonable care, or that was created by [him/her/it] [or any of [his/her/its] employees who were acting within the scope of their employment]. This duty extends to all portions of the premises to which an invitee may reasonably be expected to go.

(Brackets in original).

Sun's conduct under the trial court's instructions and the standard by which Sagona argues the jury should have evaluated that conduct supports the conclusion that the trial court's decision to treat Sagona as a licensee rather than as an invitee, if incorrect, was prejudicial to Sagona and would be cause for reversal. *See Bouziden v. Alfalfa Electric Cooperative, Inc.*, 2000 OK 50, 16 P.3d 450.[4]

¶ 6   Sun premised its argument that Sagona was a mere licensee on undisputed evidence that she was there, not to conduct business with Sun, but to have lunch with her husband. This argument ignores the commercial purpose inherent in the landlord/tenant relationship between Sun and Sagona's husband.

¶ 7   *English v. Thomas*, 1915 OK 371, 149 P. 906, addressed a similar situation. Thomas, a newspaper carrier, was injured on premises owned by English. Thomas was in the building owned by English to deliver newspapers to subscribers who were tenants of English. The Court rejected the argument that Thomas was only a licensee, but treated him as an invitee and concluded that English owed him the same duty he owed his tenants.

¶ 8   This view is also consistent with the status accorded the plaintiff in *Ross v. Otis Elevator Company*, 1975 OK 105, 539 P.2d 731. Although the Court was not confronted with deciding between the plaintiff's status as licensee or invitee, the Court concluded that the plaintiff, who was in the building to visit a tenant, was an invitee of the building owner.

¶ 9   The Oklahoma Supreme Court discussed the distinction between a licensee and an invitee in *McKinney v. Harrington*, 1993 OK 88, ¶ 8, 855 P.2d 602, 604.

An invitee is one who possesses an invitation to be upon the premises, express or

implied. *St. Louis–San Francisco Ry. Co. v. Williams*, 176 Okl. 465, 56 P.2d 815 (1936). Where there is a common interest or mutual advantage an invitation is inferred, *C.R. Anthony Co. v. Williams*, 185 Okl. 564, 94 P.2d 836 (1939), and thus the term "business invitee" is frequently used. To be given licensee status, as Defendant urged below, Plaintiff must have been on the premises for his own benefit, for purposes in which the owner had no financial or *other* interest. *Brewer v. Independent School District No. 1*, [1993 OK 17, 848 P.2d 566]; *Foster v. Harding*, 426 P.2d 355 (Okla.1967). (Emphasis added).

¶ 10   The record contains no evidence of any express invitation by Sagona's husband. However, the only reasonable inference from the evidence is that Sagona was on Sun's premises for the mutual benefit of herself and her husband, and an invitation was implied.

¶ 11   Even the *Restatement of Torts, 2d*, which concludes in § 330(h) that an invited social guest is only a licensee, states in § 332(k), p. 181:

A person may be a business visitor of a lessor of land although he is merely a gratuitous licensee of the lessee. Thus, the lessor of an apartment in an apartment house or of an office in an office building, who retains the control of the halls, stairways, and other approaches to the apartment or office, holds such parts of the premises open to any person whom his lessee may choose to admit, irrespective of whether the visit of such a person is for his own or the lessee's business purpose or whether he comes as a mere social guest of other licensee of the tenant.[5]

¶ 12   Based on the undisputed evidence in this record, the trial court erred in concluding Sagona was a licensee and instructing the

4.   Sun does not suggest that this trial court decision was insignificant to the outcome or might constitute "harmless error."

5.   Section 332 of the *Restatement of Torts, 2d*, which is entitled "Invitee Defined," also includes comment g, P. 180, which states, in pertinent part:

It is not necessary that the visitor shall himself be upon the land for the purposes of the pos-

sessor's business. The visit may be for the convenience or arise out of the necessities of others who are on the land for such a purpose. Thus, those who go to a hotel to pay social calls upon the guests … are business visitors, since it is part of the business of the hotelkeeper … to afford the guest … such conveniences.

jury concerning Sun's duty in accordance with that erroneous conclusion.[6] The trial court's judgment is reversed, and the case is remanded for new trial consistent with this opinion.

REVERSED AND REMANDED

HANSEN, P.J., concurs.

MITCHELL, J., dissents with separate opinion.

MITCHELL, J., dissenting.

¶1 I disagree with the majority. I believe Appellant was a licensee on the premises and the jury was correctly instructed.

¶2 The evidence reflects that Appellant was on Appellee's premises to pick up her husband, a tenant in Appellee's building, for lunch. There was no business or commercial interest or significance to Appellant being in the building. That being the case, Appellant does not qualify for invitee status.

¶3 The definitions of "invitee" and "licensee" are set forth in the Oklahoma Uniform Jury Instructions (Civil), Second Edition:

OUJI—CIV. No. 11.3 INVITEE—DEFINED

An invitee is one who is on the premises at the express or implied invitation of the [owner/occupant] thereof for some purpose in which the [owner/occupant] has some interest of business or commercial significance, which business may be of mutual interest, or in connection with the [owner/occupant's] business.

OUJI—CIV. No. 11.8 LICENSEE—DEFINED

A licensee is one who is on the premises of another by [tolerance/permission, express or implied] of the [owner/occupant] thereof for purposes in which the [owner/occupant] has no business or commercial interest.

These instructions were approved for use by the Oklahoma Supreme Court in 1981 and again in 1993.

¶4 The trial court declined to instruct the jury that the Plaintiff/Appellant was an invitee. This was proper because Appellant, at the time she was injured, clearly did not fit within the above definition of invitee. The facts of this case, however, place Appellant squarely within the above definition of licensee. It would more likely have been error for the trial court to instruct the jury other than as it did. I respectfully DISSENT.

6. Because we are bound by Oklahoma precedent, we need not consider Sun's argument that we should follow the cases it cites from other jurisdictions. However, we do note that each of those cases involved a visitor to someone alleged to be an employee of the defendant, and none involved a tenant's invitee.