Hetman v. Lexington Mgt. Corp., No. 1225-02 CnC  (Katz, J., Jan. 15, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                                    SUPERIOR COURT

Chittenden County, ss.:                                        Docket No. 1225-02 CnCv

HETMAN

v.

LEXINGTON MGT. CORP.

ENTRY

Plaintiff sues an Oklahoma hotel, asserting it was negligent in

permitting a "frayed and worn" electrical cord to power a table lamp adjacent to her bed. When she could not get the light to turn on, and pulled on the cord, it evidently shorted, causing plaintiff to fall backward. The hotel now seeks summary judgment, on the ground that there is no proof it had or should have had notice of any cord defect, and is therefore not liable, it not being the guarantor of the safety of its guests.

The parties seem to agree that there is no difference between the Oklahoma standard of care and that employed in Vermont. "In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or have existed for such a time that it was his duty to know it." Forcier v. Grand Union Stores, Inc., 128 Vt. 389, 393 (1970); see also Sagona v. Sun Co., 57 P.3d 879, 880 (Okla. Ct. App. 2002). There is nothing in the record from which the court can find or infer actual knowledge to the innkeeper of a frayed, worn, or broken cord. So we next consider whether the passage of time, or some other factor, would rationally support a jury finding that the innkeeper should have known of the defect. In Forcier our court considered the particular circumstances of self-service supermarkets, and the inevitability of slippery produce falling to the floor. 128 Vt. at 394. But the mere fact that an accident occurred is not, by itself, evidence of negligence. L'Ecuyer v. Farnsworth, 106 Vt. 180, 182 (1934). Constructive knowledge in this context is a function of foreseeability. Forcier, 128 Vt. at 394. Within the record presented here, there is nothing which shows, for example, that the defect, as it existed immediately prior to the accident, would have been apparent to a hotel staff member who looked at the cord, in the exercise of due care. Plaintiff's legal memo argues "frayed," but her response to defendant's Undisputed Material Facts" says "cord broken into two pieces." Every reference to

"fray" seems to have been rejected by plaintiff in her errata sheet. Ex. A. Was the fraying or break inside the plug, the lamp, or along the visible portion of the cord? If plaintiff's contention be that the cord was "broke" or "cut into two pieces," was it outwardly discernible by visual inspection? Obviously any break or cut was not complete, for then there would have been no electric short, no accident at all. Was the lamp particularly old, such that it should have been inspected particularly closely? Had there been prior complaints by the plaintiff or other users of this lamp? None of these questions can be answered so as to permit a jury conclusion that the hotel should have seen a defect, upon reasonable inspection. There is absolutely no evidence as to when the break, fray, or wearing occurred to this cord. It could have been caused by a housekeeper's vacuum cleaner earlier that afternoon, yet have been unnoticed amidst the din and effort of that machine. It might also have been a manufacturing defect that only revealed itself through chance and circumstance.

Defendant presents the undisputed fact that an annual inspection was performed by its head housekeeper. Of course, we do not know the precise details of that inspection. For example, did the head housekeeper run a finger along each lamp cord, looking for irregularities? Does reasonable care require such a level of inspection? Reasonable care may be considered the function of three variables: (1) the probability of harm, (2) the gravity of resulting injury, and (3) the burden of adequate precautions. United States v. Carroll Towing, 159 F.2d 169 (2d Cir. 1947) (L. Hand, J.). Here, we face a situation of substantial gravity of injury from electricity but a truly remote probability of harm. We all inhabit houses and workplaces with legion of electric cords; yet we neither inspect them regularly nor suffer resulting injury. It is probable that NASA engineers meticulously examine electrical wiring on the Mars Explorer and

Space Shuttles.  We hold, as a matter of law, that such a level of inspection is not required of hoteliers.

In sum, plaintiff's evidence is insufficient to give a reasonable person a basis to find defendant negligent without lapsing into speculation. The purpose of summary judgment is to "smoke out" parties' supporting facts.  <u>Donnelly v. Guion</u>, 467 F.2d 290, 293 (2d Cir. 1972).  In this case defendant does not deny the underlying incident or any of the plaintiff's actions.  Rather it has challenged the plaintiff's claim of constructive knowledge.  Plaintiff has only responded to this with the assertion that such a determination is the realm of the jury.  <u>Safeway Stores, Inc. v. Keef</u>, 416 P.2d 892, 895 (Okla. 1966).  But, to put the question to the jury, plaintiff must produce something on which a jury could hang its inferences on.  In <u>Safeway</u>, for example, the plaintiff established that the floor on which he slipped had not been mopped for over eight hours.  <u>Id</u>.; see also <u>Hatcher v. Super C Mart</u>, 24 P.3d 377, 380 n.3 (Okla. 2001) (distinguishing <u>Safeway</u> in part for its factual premise).  Here plaintiff provides nothing.  Coupled with the low foresee-ability of the accident, it yields nothing for the jury to grasp.  Plaintiff's evidence on an element of her negligence claim raises only a mere conjecture, surmise or suspicion, and is therefore an insufficient foundation for a verdict.  <u>Wellman v. Wales</u>, 98 Vt. 437, 440 (1925).  Conjecture is no proof by one who is bound to make proof. <u>McKirryher v. Yager</u>, 112 Vt. 336, 341 (1941).  While regrettable, the present state of the record shows this incident appears to be nothing more than an accident caused by an unforeseen source.

Based on the foregoing, summary judgment as a matter of law is granted to the defendant.

Dated at Burlington, Vermont, _____, 2004.


_____
                                                                Judge