## C. R. ANTHONY CO. v. WILLIAMS.

No. 28516.   Sept. 19, 1939.

Clayton B. Pierce and Truman B. Rucker, for plaintiff in error.

E. H. Gipson, H. C. Ivester, and Morgan & Morgan, for defendant in error.

DANNER, J. The plaintiff in error, defendant below, appeals from a judgment for $4,000 based on a jury verdict in favor of the defendant in error in an action for damages for the death of her husband. Herein the parties will be referred to as plaintiff and defendant.

A summary of the allegations in plaintiff's petition is succinctly stated in defendant's brief, as follows:

"It was alleged that the plaintiff was the widow of one Dan Williams, a resident of Texas, the defendant a resident of Oklahoma, and had its place of business on the east side of Main street in the city of Elk City, the building facing west; that the main entrance and the main part of the store was on the west side of the building; that the building was 150 feet long; that at the rear of the building there was a storeroom which was separated from the main part of the store by a partition which had an opening about six feet in width, which was unobstructed except for a heavy drop curtain, that this partition was about 100 feet from the front or the west wall of the store. That in the southeast corner of the storage room there was a small room used as a toilet by the employees of the defendant and its customers; that the only entrance to the toilet was through a door on the north side of the same which opened to the east and it was a custom for the door to the toilet to be kept closed; that there was a stairway leading from the ground floor of the building to the basement, located near the south wall of the storage room; that the steps and the basement floor were made of concrete; that the only obstruction to the entrance to the basement was a door, attached to the floor, at or near the south wall to the building, which opened up and was attached to the south wall; that there was no bannister, wall or other obstruction to the basement stairs nor sign or warning of the location of the stairs; that the storage room had no windows and was dark at all times except when lighted by electric lights and that the basement likewise was dark except when lit by electric lights.

"Then, on the 15th day of October, 1935, the deceased was a representative of the Globe Tailoring Company, and, at the invitation of the defendant, visited the store for the purpose of assisting the defendant in securing orders for men clothes sold by the Globe Tailoring Company, all for the financial benefit of the defendant; that shortly after his arrival on the morning of said day, the deceased had occasion to use the toilet and passed from the sales room through the opening in the partition to the storage room and in the direction of the toilet, at which time the storage room was unlighted, the basement door was open, there was no obstruction to the stairs; that deceased did not know the location of the stairs, and being unable to see the stairs due to insufficient lighting, walked into them, falling to the bottom, injuring himself, as a result of which he died. That the defendant was negligent in not having the premises sufficiently lighted, not properly guarding the stairs, which caused the death of said Dan Williams. * * *"

Following an adverse ruling on its general demurrer, the defendant answered admitting its corporate entity and denying in general the allegations of the petition and specifically pleading contributory negligence on the part of the deceased.

The essential facts, which are not seriously in dispute, generally are in harmony with the allegations in the petition. Additionally it is shown that the deceased came to defendant's store about 8 o'clock on the morning of October 15th pursuant to previous arrangement, which contemplated his stay in defendant's store for two days. He received from the manager mail addressed to him in care of the defendant's store; removed his hat and coat, displayed his samples on tables, indulged in conversation with the store manager until around 9:30 o'clock, when his absence from the store was noticed. About 3 o'clock in the afternoon A. W. Nicholson, defendant's manager, had occasion to go to the store basement and on turning the switch that lights the basement saw the deceased lying at the foot of the stairway. Dr. Tisdal, who examined the body soon after its discovery, testified that the deceased died from a basal fracture of the skull.

It appears plain from the record that the deceased was an invitee of the defendant. St. Louis-S. F. Ry. Co. et al. v. Williams, 176 Okla. 465, 56 P.2d 815; Clinkscales v. Mundkoski et al., 183 Okla. 12, 79 P.2d 562; DeVerdi v. Weiss (Cal. App. 2d) 60 P.2d 879; Papineau v. Distributor's Packing Co. (Cal. App. 2d) 52 P.2d 571. As an invitee it was the duty of the defendant to exercise ordinary care and prudence to keep its premises in safe condition. Annotation 36 A. L. R. 37. The question whether the defendant complied with this duty and the question of alleged contributory negligence of the deceased were for the determination of the jury. Palmer v. Boston Penny Savings Bank (Mass.) 17 N. E.2d 899, 120 A. L. R. 633; DeVerdi v. Weiss, supra; DeGraf v. Anglo California Nat. Bank of San Francisco et al. (Cal.) 92 P.2d 899; S. H. Kress & Co. v. Nash, Adm'x, 183 Okla. 544, 83 P.2d 536.

In view of our conclusion that the deceased was an invitee and not a licensee of the defendant, the argument and authorities presented in its brief are not in point. Likewise, criticism of certain instructions given by the court are not well taken. S. H. Kress & Company v. Nash, Adm'x, supra.

The judgment is affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.