PHILLIPS PETROLEUM CO. v. STEPHENSON.

No. 30250. Sept. 29, 1942.

*129 P. 2d 575.*

Don Emery, Rayburn L. Foster, and Ed Waite Clark, all of Bartlesville, for plaintiff in error.

John W. Tillman and Fred A. Tillman, both of Pawhuska, for defendant in error.

ARNOLD, J. Roxie Stephenson brought this action against Harry A. Pingry, Dutch Whitlow, Phillips Petroleum Company, and the town of Ralston, for damages for personal injuries.

The plaintiff alleged that on the 23rd day of February, 1939, Harry A. Pingry was the owner of a certain lot in the town of Ralston; that Dutch Whitlow was the bulk station agent for the Phillips Petroleum Company in Pawnee county and as such was its agent, servant, and employee; that Pingry was the agent, servant, and employee of the Phillips Petroleum Company and as such received a salary for the operation of the filling station located on said lot; that on or about the 1st day of October, 1938, the defendant company abandoned said filling station and through its agent, servant, and employee, Harry A. Pingry, removed the pumps and underground tanks; that as a result of the removal of said tanks a large hole, approximately nine feet wide, ten feet long and four feet deep, was left immediately adjacent to the sidewalk; that said hole was not filled up and no warning signs were placed thereby; that the dirt caved in from the sidewalk causing the depression to extend alongside and under the sidewalk; that it was the duty of the defendants to fill the hole and restore the premises to a condition of reasonable safety; that on the evening of the 23rd day of February, 1939, while the plaintiff was standing on the sidewalk she stepped back a few inches, fell into the hole, and suffered the injuries complained of.

Each defendant filed a separate answer; all in effect answered by way of general denial, and in addition thereto alleged contributory negligence. The Phillips Petroleum Company also specifically denied under oath that Harry A. Pingry was its agent, servant, or employee, but did not so deny the allegation that the defendant Whitlow was its agent.

The trial was had to a jury. At the close of plaintiff's evidence the trial court sustained a demurrer as to Dutch Whitlow, but overruled the demurrers as to the other defendants. At the close of all the evidence the trial court overruled the separate motions for a directed verdict as to each of the other defendants.

The liability of the Phillips Petroleum Company was submitted to the jury solely upon the theory of the agency and negligence of its employee, Whitlow. The jury returned a verdict against all the remaining defendants, to wit: Harry A. Pingry, Phillips Petroleum Company, and the town of Ralston. Thereafter, in accordance with plaintiff's agreement, the court set aside the verdict as to Pingry and dismissed the case as to him.

Motions for new trial were filed by the Phillips Petroleum Company and the town of Ralston; the trial court granted a new trial as to the town of Ralston and then dismissed the case as to it. The motion for a new trial of the Phillips Petroleum Company was overruled. It appealed.

Though several assignments of error are relied upon and presented by the plaintiff in error, it is only necessary that we consider its proposition that this record affirmatively and conclusively shows that there was no duty owed to the plaintiff below by the Phillips Petroleum Company.

It is conclusively shown by the record that the defendant Pingry was the owner of the real estate involved and the owner and operator of the filling station thereon situated; that he had prior to the removal of said tanks ceased operating the station. The accident in question occurred approximately five months after the removal of the underground tanks and the creation of the alleged hole.

Negligence is the doing of that which an ordinary and prudent person would not have done under the existing circumstances or the failure to do that which an ordinary and prudent person would have done under all the maintaining circumstances. No affirmative act of negligence was alleged or proved. Necessarily, under the allegations of the plaintiff below and the proof disclosed by this record, the only negligence relied upon as against the Phillips Petroleum Company was its alleged duty to the public to make these premises reasonably safe after the removal of the tanks, and in this connection its failure to fill the hole in question. The owner of these premises was in possession thereof and obliged under his written contract with the Phillips Petroleum Company to deliver the underground tanks on the premises to the said company or pay therefor; with the assistance of Whitlow he removed the tanks. After the tanks were removed the defendant Pingry filled the depression to within approximately a foot of the line of the surrounding surface of the ground. Under all the foregoing facts we hold that the Phillips Petroleum Company was not maintaining the alleged nuisance, if one existed at the time of the alleged injury, and there existed no duty on its part to protect the plaintiff under the circumstances.

Having reached this conclusion on this question of law, a new trial would avail plaintiff below nothing; the cause is reversed, with directions to dismiss same.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. RILEY, J., dissents. WELCH, C. J., absent.