**Pat ARRINGTON, Plaintiff in Error,**

v.

**Pearl S. YOUNG and Robert E. Young, Defendants in Error.**

No. 39183.

Supreme Court of Oklahoma.

Nov. 14, 1961.

Gavin & King, Tulsa, for plaintiff in error.

Alfred B. Knight, Tulsa, for defendant in error.

### JACKSON, Justice

Pat Arrington, hereinafter called plaintiff, sued Pearl S. Young and Robert E. Young, as owners of an apartment house in Tulsa, for damages resulting from her fall down a stairway in the house. The action was dismissed as to Robert E. Young upon proof that Pearl S. Young was the sole owner of the house.

At the conclusion of all the evidence, defendant's demurrer to plaintiff's evidence was sustained upon the ground that proximate cause had not been shown, and plaintiff appeals.

■ The accident happened in the late afternoon, and there was evidence that it was dark, or nearly dark, at the time. Plaintiff had pleaded and proved an ordinance of the city of Tulsa requiring that all "stairhalls" in apartment houses shall be properly lighted. The evidence was that although there was a light at the top of the stairs, there was no light below a landing at which a right-angle turn was made.

Plaintiff was the only witness who testified with regard to the cause of the fall. Her room-mate was with her at the time, but she was ahead of plaintiff and did not see the actual fall. On the question of what caused the fall, plaintiff testified:

"And it was getting dark at that time, there was a little light at the top hall, but the light only shone down this halfway, and at the bottom of the stairs where the turn was there was no light burning, and as I went down and made the turn, *I really don't know exactly what did happen * * *.*" (Emphasis supplied.)

On cross examination she testified:

"Q. All right, now. Ma'am with reference to your falling, *you actually do not know why you fell, do you?* A. *No,* it was—when you fall, you really don't know how you do, *and I really don't.* The only thing, it was dark and I couldn't see—

"Q. Ma'am, would you tell me whether you do or do not know what actually caused you to fall? A. I know that I did fall, but it happened so fast that *I really don't know what happened to—*

 *       *       *       *       *       *

"Q. All right. But you don't know on this particular occasion whether you slipped, do you, you just actually don't know what happened, isn't that right? A. *Well, I just fell.*" (Emphasis supplied.)

Plaintiff refused to say unequivocally whether or not she reached for the hand-rail along the stairway; she said "If I reached for it I apparently missed it, because I fell". She also said that she didn't believe she would have fallen if she had grasped the handrail.

■ In a negligence action such as this, it is fundamental that plaintiff has the burden of proving that the negligence charged was the proximate cause of the injury. Guthrie v. City of Henryetta, 177 Okl. 122, 57 P.2d 1165.

■ Plaintiff argues that her testimony, quoted above, that "The only thing, it was dark and I couldn't see" was sufficient to show proximate cause in this case. Taken alone and without qualification, and in answer to a direct question as to why she fell, the quoted statement might have been sufficient to give rise to an inference of proximate cause here. However, it was immediately preceded by an unequivocal statement that she did *not* know why she fell, and it should be noted that she did not give it as a reason *why* she fell. Also, on at least three other occasions, she indicated that she did not know why she fell. See A.L.R. 1518 to the following effect:

**402**

" * * * where the plaintiff's case rests upon the testimony of a witness whose further examination so explains or qualifies his prior testimony as to leave the fact to which he testifies a matter of conjecture, possibility, or guess, his testimony will be construed as a whole to be so lacking in probative force as not to make a case for the jury."

In this state of the record, it is apparent that there is no direct evidence as to why she fell.

Neither is there circumstantial evidence on that point. It may be conceded that proof of the Tulsa ordinance, coupled with proof of the darkness on the stairway, amounted to proof of negligence on the part of defendant, but plaintiff still had the burden of proving that the negligence charged was the proximate cause of the injury. Casual connection may be proved by circumstantial evidence, but such evidence must have sufficient probative force to constitute the basis of a legal inference, rather than mere speculation, and the circumstances proved must lead to the conclusion with reasonable certainty and probability. Downs v. Longellow Corporation, Okl., 351 P.2d 999. We cannot say that there is more than "mere speculation" in the record before us with regard to proximate cause. Plaintiff was asked directly several times why she fell, and she gave no reason.

In support of her argument that proximate cause was shown, plaintiff cites C. R. Anthony Co. v. Williams, 185 Okl. 564, 94 P.2d 836, as a case involving a similar fact situation. It appears from a reading of the opinion in that case that the main issue was whether plaintiff's decedent occupied the status of an invitee, and that no question of proximate cause was raised. It is therefore of no assistance here.

Plaintiff also cites cases from other jurisdictions in which testimony similar to the quoted statement upon which plaintiff relies here was involved. However, in the cases cited, the probative value of the testimony concerned was not destroyed by further explanatory and conflicting testimony of the witness. They are therefore not in point.

On the question of proximate cause, we hold that there was no competent evidence reasonably tending to support plaintiff's case, and that the trial court did not err in sustaining defendant's demurrer to plaintiff's evidence. Fuss v. Cocannouer, 70 Okl. 36, 172 P. 1077.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, IRWIN and BERRY, JJ., concur.

WELCH and JOHNSON, JJ., dissent.