**Sandra May ROGERS, Appellant,**

**v.**

**Edna HENNESSEE d/b/a Edna Hennessee Aladdin Beauty School, Appellee.**

**No. 52311.**

Supreme Court of Oklahoma.

Oct. 2, 1979.

As Amended Oct. 22, 1979.

John Sprowls, Pauls Valley, for appellant.

Foliart, Mills & Niemeyer by David Cole, Oklahoma City, for appellee.

OPALA, Justice:

The dispositive issue on certiorari is whether the evidence in this slip-and-fall negligence case was sufficient to withstand the demurrer. We hold that the plaintiff's case fell short of the prescribed legal minimum and affirm the trial court's judgment.

Appellant, a student beautician [Student], slipped and fell in a puddle of water while walking from her work station to the supply pantry. After the trial court sustained beauty school owner's [Owner] demurrer to Student's evidence for want of requisite showing that her injury had been caused by Owner's negligence, Student appealed. The Court of Appeals reversed and remanded the cause for a new trial. Owner seeks certiorari.

## I

The parties stand in an undisputed invitor-invitee relationship. The law casts on the invitor the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like. All normal or ordinary risks incident to the use of the premises are assumed by the invitee. No liability arises for any injury resulting from dangers which are so apparent or readily observable that one would reasonably expect them to be discovered.[1] Moreover, failure to remove known but obvious hazards by alteration or reconstruction of the premises constitutes no breach of duty.[2]

Owner contends that the condition of the floor around the sinks where the Student fell was one of which she should have had knowledge and which should have been obvious to one under ordinary circumstances. Student was of course familiar with the premises. She had been in training for four weeks before her injury.

The afternoon of her fall for which recovery is sought, she was passing in front of the work station used to wash hair. When she walked by the area she encountered a puddle of water estimated to be five feet wide. Water was known to spill and accumulate on the floor during activity in the area. Students were required to clean spills occurring during their work. When the Student was in the same area five or six hours earlier the water had not been present. She testified that the offending puddle could not be seen from a distance— that the color of the floor made it difficult for her to detect the water until she was directly upon it.

While the physical condition of the area around the wash sinks during normal daily activity might be familiar to the Student, we cannot say, as a matter of law, that she could have perceived or anticipated the danger of the wet floor on the day and at the time the accident occurred. There was no indication the work stations had been used that day so as to alert the Student to a potential danger from wet floors. More importantly, the Student's familiarity with the general circumstances in the area does not of itself operate in law to transform the offending hazard into an apparent and obvious defect. The character of a condition is generally to be judged by objective rather than subjective standards.[3] One's familiarity with the premises is an element to be considered in assessing the degree of care the injured party exercised for his/her own safety rather than in determining the legal quality of the condition. What constitutes a hidden danger depends on the physical surroundings and on the peculiar use made of them at the time of the injury.[4]

Conflicting inferences may be drawn from the facts adduced in this case as to whether the puddle in question did, to an ordinary eye, have a "deceptively innocent appearance" or as to whether its presence on the floor might have been reasonably anticipated by the Student under the circumstances existing at the time of her fall.[5] The physical surroundings at the situs of the injury, coupled with the circumstances of its occurrence, clearly present a fact issue and we cannot declare, as a matter of law, that the offending puddle was in the

1. *Henryetta Construction Co. v. Harris*, Okl., 408 P.2d 522, 531–532 [1965]; *Jack Healey Linen Service Co. v. Travis*, Okl., 434 P.2d 924, 926–927 [1967]; *Sutherland v. Saint Francis Hospital*, Okl., 595 P.2d 780, 783 [1979].

2. *Buck v. Del City Apartments, Inc.*, Okl., 431 P.2d 360, 365 [1967].

3. *Henryetta Construction Co. v. Harris*, supra note 1.

4. For an extended discussion of the meaning the law attributes to "hidden danger" see *Henryetta Construction Co. v. Harris* (supplemental opinion by Irwin, J.), supra note 1, at page 531.

5. *Jack Healey Linen Service Co. v. Travis*, supra note 1.

legal class of either "hidden" or "open" danger. When passing upon a demurrer to the evidence, the trial court must consider as true all evidence favorable to the party against whom the test of sufficiency is directed, together with all reasonably drawn inferences therefrom, and must disregard all conflicting evidence favorable to the demurrant.[6]

## II

The crucial element of proof for us to assess in this case is that which deals with the Owner's want of due care to discover the puddle on the premises in time to prevent the Student's exposure to danger or give warning of its presence. Absent evidence that invitor created the condition or that he/she failed to warn of or remove a peril known to exist, a demurrer must put an end to a slip-and-fall litigation based on negligence.[7]

The pivot of liability sought to be imposed here on the Owner is timely notice of danger. An invitor cannot be held responsible unless it be shown that he/she had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence.[8]

While from the evidence adduced[9] we can and do infer that the offending condition was formed by water spilling from the wash sinks, the proof is insufficient to support an inference as to want of due care in the Owner's failure to discover the defect and to correct the condition in the premises before the Student's encounter with peril.

No defect in the design or maintenance of the wash sinks or in the construction or upkeep of the area around them was shown to exist. Testimony indicates that three instructors continuously circulated among the students during the day and their duties included supervising periodic removal of accumulated water from work stations. The accident occurred late in the afternoon during final cleanup by students with instructors still on the premises.

Liability here can be predicated neither on the use of premises known to be defective for the activities being undertaken in them nor on inadequacy of the established inspection pattern. The evidence simply will not support either theory. What the Student hopes is that we will infer lack of due care from the proof of occasional spills. This we cannot do because there was *no* showing of negligence in using premises known to be unfit or in failing to make inspections adequate under the circumstances. A contrary ruling would in effect amount to imposition of liability on a no-fault basis.

We next consider whether the proof showed that the puddle had been on the floor for a sufficient length of time before the Student fell to impart constructive notice of its presence and enable someone to warn of or remove the peril.

While we know that the puddle had not been there when the Student passed the area earlier in the day, for all that the evidence shows the water may have spilled only moments before the Student stepped into it.[10] In the face of no proof giving, directly or by inference, some indication as to the length of time the peril had been in existence when the Student received her injury or that the Owner failed adequately

6. *Condo v. Beal*, Okl., 424 P.2d 48, 51 [1967]; *Williams v. Safeway Stores, Inc.*, Okl., 515 P.2d 223, 225 [1973].

7. *Tweed v. First Nat. Bldg. Corp. et al.*, 203 Okl. 31, 218 P.2d 356, 359 [1950]; *Beatty v. Dixon*, Okl., 408 P.2d 339, 344 [1965].

8. *Safeway Stores, Incorporated v. Feeback*, Okl., 390 P.2d 519, 521 [1964].

9. There is testimony that the puddle of water was found near the wash sinks and that water was known to spill onto the floor when the sinks were in use.

10. Student, failing to show the Owner's knowledge, actual or constructive, of the offending condition, was unable to establish breach of duty. Duty could evolve here, only from notice, actual or imputed.

to inspect the premises for dangers known to arise, there can be no liability here.[11]

On demurrer to the evidence neither facts nor inferences legally absent from plaintiff's proof may be charged against the defendant. Each element of the cause of action must be established. Want of any one of the requisite elements in a negligence action is fatal.[12] Assuming as true all facts adduced, together with all inferences reasonably to be drawn from them, we find here *no* evidence tending to show that at the critical time and place the Owner had knowledge, actual or constructive, of the offending defect or was negligent in failing to discover it. The action was hence properly withdrawn from jury consideration.[13] We need not deal with the argument that the Student's health problems were in fact attributable to some other episode of trauma.

The trial court properly sustained a demurrer to the Student's evidence. The opinion of the Court of Appeals is vacated and trial court's judgment affirmed.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and DOOLIN, JJ., concur.

HARGRAVE, J., not participating.

---

**11.** *Kassick v. Spicer,* Okl., 490 P.2d 251, 253–254 [1971]; *Safeway Stores, Incorporated v. Feeback,* supra note 8.

**12.** *Condo v. Beal,* supra note 6; *P.E.A.C.E. Corp. v. Oklahoma Natural Gas Co.,* Okl., 568 P.2d 1273, 1277 [1977]; *Phillips Petroleum Co. v. Stephenson,* 191 Okl. 294, 129 P.2d 575 [1942].

**13.** *Jack Healey Linen Service Co. v. Travis,* supra note 1 at page 926.