Jerry L. McKINNEY, Appellant,

v.

Joseph J. HARRINGTON, Appellee.

No. 78490.

Supreme Court of Oklahoma.

June 29, 1993.

Gary J. James, Simank & James, Oklahoma City, for appellant.

Steve Stratton; and Michael G. McAtee, David D. Wilson and Bruce A. Robertson, Wilson, Cain & McAtee, Oklahoma City, for appellee.

SUMMERS, Judge:

Plaintiff was injured when he partially fell through Defendant's roof while repairing it. This is Plaintiff's suit for damages based on allegations of homeowner's negligence. Both parties moved for summary judgment in the trial court, and the Defendant/homeowner's motion was granted. The Court of Appeals reversed and remanded for trial. We have granted certiorari, and now affirm the judgment of the District Court.

The uncontroverted facts presented to the trial court included these: Plaintiff McKinney worked for a roofing company. The owner of the roofing company had contracted with Defendant Harrington, the homeowner, to repair and replace the roof so as to stop it from leaking. On the first day of the five-day job, Plaintiff was standing on the roof, removing shingles, when the 1″ by 8″ decking wood beneath his foot gave way. One of Plaintiff's legs went through the roof into the attic space. Defendant examined the broken decking boards from the attic below, and testified that they had broken at a knothole, that although he was known as a handyman he had not personally installed the decking, and that it was in an area where he had not been having leakage. There was at least one layer of old shingles on the roof. No decking or wood slats were exposed prior to the fall. The trial court rendered summary judgment for the Defendant.

On appeal Plaintiff urges two propositions of error: (1) Defendant owed him a duty to warn of latent defects in the roof and failed to do so, (2) The trial court erred in finding no controverted questions of material fact. His second contention may be disposed of first.

In the trial court the Defendant filed his Motion for Summary Judgment, making the customary allegation that no substantial controversy existed as to any material fact. In response the Plaintiff filed his own Motion for Summary Judgment "on the grounds that the evidence shows that there is no substantial controversy as to any material fact and that the Plaintiff is therefore entitled to judgment as a matter of law." In Plaintiff's brief in support of his Motion he developed his argument that no uncontroverted facts remained on the question of liability, that only one conclusion could be drawn from the evidence, and that the sole issue left for trial was the determination of the amount of his damages.

■ The general rule in Oklahoma concerning appeals from the District Court is that the Supreme Court will confine its appellate review to issues which were presented below. *Jones v. Alpine Investments, Inc.*, 764 P.2d 513, 515 (Okla.1987). Cases too numerous to compile stand for the proposition that this Court will not entertain a theory for reversal advanced for the first time on appeal. *Wilson v. Still*, 819 P.2d 714, 715 (Okla.1991); *Arkansas Louisiana Gas Co. v. Cable*, 585 P.2d 1113, 1116 (Okla.1978).

■ If there are material fact questions in dispute or conflicting inferences that could reasonably be drawn from undisputed facts the trial judge is entitled to be told what they are before he makes his ruling on summary judgment. Since neither party below urged that important factual matters stood at issue for resolution by a factfinder, neither party will be heard to complain at this level that the trial judge erroneously failed to divine such a controversy. The Plaintiff's second contention of error on appeal is thus considered waived.

■ This leaves the question of the correctness of the lower court's order denying summary judgment to the Plaintiff and awarding it to the Defendant. Plaintiff maintains that Defendant owed him a legal duty and breached it by not warning him of the weak spot through which he fell. Plaintiff is correct to the extent that all landowners have duties to members of the public who come upon their property, the nature of the duty varying upon whether the person injured is a trespasser, licensee, or invitee. *Brewer v. Independent School District No. 1*, 848 P.2d 566 (Okla.1993).

■ The trial court was clearly correct in assigning invitee status to the Plaintiff. An invitee is one who possesses an invitation to be upon the premises, express or implied. *St. Louis–San Francisco Ry. Co. v. Williams*, 176 Okl. 465, 56 P.2d 815 (1936). Where there is a common interest or mutual advantage an invitation is inferred, *C.R. Anthony Co. v. Williams*, 185 Okl. 564, 94 P.2d 836 (1939), and thus the term "business invitee" is frequently used. To be given licensee status, as Defendant urged below, Plaintiff must have been on the premises for his *own* benefit, for purposes in which the owner had no financial or other interest. *Brewer v. Independent School District No. 1, supra; Foster v. Harding*, 426 P.2d 355 (Okla.1967). An independent contractor doing work on another's premises is an invitee in Oklahoma. *Davis v. Whitsett*, 435 P.2d 592 (Okla.1967).

■ A landowner has no duty to protect a business invitee from open and obvious dangers. *Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770 (Okl.1988). However, an owner who has engaged an independent contractor to do work on his premises owes such invitee a duty to keep the premises reasonably safe for the performance of the work. *Davis v. Whitsett, supra*. This duty applies only to conditions or defects in the nature of hidden dangers, traps, snares or pitfalls that are not known or readily observed by the invitee. *Harrod v. Baggett*, 418 P.2d 652 (Okl.1966); *See also Davis*, 435 P.2d at 595. A homeowner is liable for injuries to the invitee if it can be shown that he knew or should have known of the dangerous condition or hidden defect and failed to warn the invitee. *Rogers v. Hennessee*, 602 P.2d 1033 (Okl. 1979).

■ In this case it is undisputed that the dangerous condition, i.e. the wooden decking that suddenly broke under Plaintiff's weight, was hidden. The crucial question, then, is whether there was before the trial court evidentiary material showing that the Defendant had sufficient notice of the danger to trigger his duty to warn the Plaintiff. Our language in *Rogers v. Hennessee, supra*, though a slip-and-fall case, states the applicable standard of care:

".. Absent evidence that invitor created the condition or that he/she failed to warn of or remove a peril known to exist, a demurrer must put an end to a slip-and-fall litigation based on negligence. The pivot of liability sought to be imposed here on the owner is timely notice of danger. *An invitor cannot be held responsible unless it be shown that he/she*

*had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." Id.* at 1035. (emphasis added)

Here we have no evidence that the Defendant created the condition, nor is there any evidence that the Defendant knew, or should have known, of the weak spot in the roof. The Plaintiff himself so testified in response to this question:

Q. Now, Mr. McKinney, is there anything specifically that you know that Mr. Harrington could have done before your accident that would have prevented your accident?

A. Not that I know of.

The courts will not impose upon a landowner the duty to warn a business invitee of a hidden danger when there is no evidence that the landowner knew or should have known of the danger. *Rogers,* 602 P.2d at 1035–36. Summary judgment was proper. The opinion of the Court of Appeals is vacated and the judgment of the District Court favoring the Defendant is affirmed.

HODGES, C.J., and LAVENDER, V.C.J., SIMMS, HARGRAVE, OPALA and WATT, JJ., concur.

ALMA WILSON and KAUGER, JJ., dissent.