2001 OK 41

**Donald F. GILLHAM, Jr., as father and next of friend of Kyler L. Gillham, a minor, Plaintiff/Appellant,**

v.

**LAKE COUNTRY RACEWAY, an Oklahoma corporation, Defendant/Appellee.**

No. 94,058.

Supreme Court of Oklahoma.

May 15, 2001.

R. Brad Bolles, Milor & Bolles, Ardmore, OK, Attorney for Appellant.

S. Brent Bahner, Fischl, Culp, McMillin, Chaffin & Bahner, LLP., Ardmore, OK, Attorney for Appellee.

SUMMERS, J.,

¶ 1 The question before us on certiorari is whether the plaintiff presented a prima facie case of negligence in his action against defendant landowner for personal injury suffered on defendant's premises. We answer in the negative. We affirm the trial court's order directing a verdict for defendant, and vacate the opinion of the Court of Appeals.

¶ 2 Plaintiff, Donald Gillham, brought this action on behalf of his minor son, Kyler, who broke his leg while attending an automobile race at defendant's track on June 14, 1997, when he was ten years old. The record reveals that during the intermission of the races the spectators were invited onto the racetrack to meet the race drivers and view the cars, and Kyler was among those who walked down to the track area. First the guests went through a gate separating the spectators from the track area, and then they proceeded down a sloping grassy area which led to the track but was separated from it by a metal guardrail. As Kyler attempted to climb over the guardrail, he slipped and his foot got trapped behind the guardrail while his upper body went over the guardrail. His tibia was broken just below the knee.

¶ 3 Mr. Gillam brought this action on behalf of his son, asserting that the accident was caused by a hidden and dangerous condition on Raceway's premises, a trench or ditch next to the railing which was covered with grass. A jury was impaneled and testimony was given and evidence submitted. Neither Kyler nor his father knew specifically where the accident happened. No evidence was presented that the allegedly hazardous area caused the fall. Kyler testified that he did not know what caused him to slip. When asked on direct examination to tell how he broke his leg, Kyler testified:

Q. (Mr. Bolles) Tell the ladies and gentlemen of the jury how you broke your leg.

A. (Kyler Gillam) When the announcer announced for everyone to go down there to look at the cars, we asked if we could go down there and look, and we went down there, and I got to the spot where you cross, and I was—I looked over and stuff to see how you can get through, and I slid down on—I don't know what it was I slid down on. I slid down in between the guard

rail and the hole dealy, in between it, and my body got—my leg stayed under there, and I got hung over—my body went over and my leg stayed.

On cross-examination Kyler testified as follows:

Q. (Mr. Bahner) Kyler, you slipped on the grass, didn't you?

A. (Kyler Gillam) I don't—I don't really know what I slipped on, really.

Q. Okay. You don't know if you slipped on (sic)a hole, do you, sir?

A. I don't know if I slipped in a hole; I just remember I slipped in something.

Q. Okay, but you don't know what it was?

A. No sir.

¶ 4 The Racetrack demurred to plaintiff's evidence and subsequently moved for a directed verdict, arguing that the jury would be forced to speculate as to the cause of the accident. Racetrack argued that the area was a naturally occurring condition which was not hazardous. Plaintiff contended that the issue was not what caused Kyler to slip, but that Racetrack permitted the area to remain eroded and washed out and it was hidden and dangerous, and that it was therefore a cause of Kyler's injury.

¶ 5 The trial judge initially denied Racetrack's demurrer to the evidence, but subsequently changed his changed his mind as to the sufficiency of the plaintiff's evidence, and then sustained defendant's motion for directed verdict. The trial court correctly determined that there was no evidence of the cause of the accident, and any decision by the jury favorable to the plaintiff would have to have been based on speculation.

¶ 6 Suits such as this for injury occurring to a user of land possessed by another require us to apply common law principles of negligence within a framework of relational, or status-based duties. *Sutherland v. St. Francis Hospital Inc.,* 595 P.2d 780, 781 (Okl.1979). Raceway's duty as invitor extends no further than to use ordinary care to maintain the premises in a reasonably safe condition for a person such as Kyler, its invitee. *Id.* at 783, *Rogers v. Cato Oil & Grease Co.,* 396 P.2d 1000, 1004 (Okl.1964).

¶ 7 It is axiomatic that the mere fact that an injury occurs carries with it no presumption of negligence. Also that in an action to recover damages for an injury caused by negligence, the burden is on the plaintiff to show the existence of negligence, and that the negligence was the proximate cause of the injury. The question of proximate cause is for the jury unless there is no competent evidence from which the jury could reasonably find a causal nexus between the act and the injury. A motion for directed verdict raises the question of whether there is any evidence to support a judgment for the party against whom the motion is made, and the trial court must consider as true all the evidence and inferences reasonably drawn therefrom favorable to the non-movant, and disregard any evidence which favors the movant. *Messler v. Simmons Gun Specialties, Inc.,* 1984 OK 35, 687 P.2d 121. A demurrer to the evidence or motion for directed verdict should be granted only if the party opposing the motion has failed to demonstrate a prima facie case for recovery. *Jackson v. Jones,* 1995 OK 131, 907 P.2d 1067. This Court must review the record in a light most favorable to the plaintiff but will disturb the trial court's sustention of the directed verdict only if there is competent evidence to support the material elements of the plaintiff's cause of action. *Green v. Safeway Stores, Inc.,* 1975 OK 59, 541 P.2d 200.

¶ 8 Plaintiff presented no evidence as to why Kyler fell, and the trial court found that there would have been nothing more than conjecture and speculation by the jury as to the proximate cause of his injury. Defendant correctly contends that this Court has repeatedly held that in such an event the trial court should sustain a motion for directed verdict. See for example *Safeway Stores v. Fuller,* 1941 OK 357, 118 P.2d 649, upon which defendant correctly relies, where this Court stated:

Where one conclusion would be as sound as another, the evidence may then be said to leave the matter wholly within the realm of mere conjecture, and any conclusion would be the result of a common speculation. A prima facie case is not established in such circumstances, and a demurrer to the evidence or motion for directed verdict would be in order. We held in *Lawson v. Anderson & Kerr Drilling Co.,* 184 Okl. 107, 84 P.2d 1104, that 'evidence which

makes it necessary to speculate as to what caused an accident is not sufficient to withstand a demurrer and take the issue of negligence to the jury for determination.' And in that case we held further as follows: 'An inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the non-existence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence.'

¶ 9 Defendant also relies on *Arrington v. Young*, 1961 OK 269, 366 P.2d 400, in which we held that defendant's demurrer to plaintiff's evidence was properly sustained where there was no more than mere speculation as to the proximate cause of plaintiff's fall down a stairway, and there was no direct evidence offered that the darkened condition of the stairway was the cause.

¶ 10 See also *Tweed v. First National Building Corp.*, 1950 OK 117, 218 P.2d 356, where we held that actionable negligence may be established by circumstantial evidence, but an inference of negligence or causal connection must be based on something more than mere speculation and conjecture, and it is not enough to show a state of circumstances consistent with a possibility of negligence. We held that plaintiff failed to put on a prima facie case in the absence of evidence showing an unsafe condition of the stairway at the time and place of the fall, and the mere fact that plaintiff slipped and fell raised no presumption of negligence of owner of the premises.

¶ 11 In the instant case plaintiff failed to establish the alleged negligence as the cause of the accident. He therefore failed to present a prima facie case, and defendant was entitled to receive the directed verdict granted by the trial court.

¶ 12 In reversing the trial court's judgment, the Court of Civil Appeals placed undue significance on the trial court's prior overruling of defendant's demurrer to the evidence. It goes without saying that the

denial of a demurrer to the evidence is not a barrier to a subsequent grant of a motion for directed verdict. Plaintiff cannot successfully complain as to the trial court's correction of an error previously made in the evaluation of plaintiff's lawsuit.

¶ 13 On certiorari previously granted, the Court of Civil Appeals' opinion is vacated, and the judgment of the District Court of Carter County is affirmed.

¶ 14 ALL JUSTICES CONCUR

OPALA, J., concurring.

¶ 1 In this action to recover for bodily injury on the theory of premises liability, the plaintiff-invitee failed to prove that his *locus in quo* harm was occasioned by the defendant's breach of a status-based duty *qua* land possessor. I hence concur in the court's judgment and in today's pronouncement. *Rogers v. Hennessee*, 1979 OK 138, ¶ 3, 602 P.2d 1033, 1034; *Sutherland v. Saint Francis Hospital, Inc.*, 1979 OK 18, 595 P.2d 780, 782.