**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LINDA RITCH,

    Plaintiff - Appellant,

v.

CARRABBAS ITALIAN GRILL L.L.C.,

    Defendant - Appellee.

No. 17-5032
(D.C. No. 4:16-CV-00316-JHP-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.

Plaintiff Linda Ritch appeals from the district court's entry of summary

judgment in favor of Defendant Carrabbas Italian Grill L.L.C. in this slip-and-fall

negligence action.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

On December 27, 2013, Ritch dined with family and friends at a Carrabbas

restaurant in Tulsa, Oklahoma.  After the meal, Ritch slipped and fell while walking in

the restaurant. She later filed suit in Oklahoma state court, alleging she fell after slipping

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

on an unknown substance and that Carrabbas was liable for the injuries that resulted because it had breached its duty to keep the restaurant premises safe. Carrabbas removed the action to federal court based on diversity of citizenship and, after discovery, filed a motion for summary judgment on Ritch's claim. The district court granted Carrabbas' motion, holding that Ritch failed to present evidence sufficient to establish a genuine dispute of fact that Carrabbas breached a duty owed to her. Ritch filed a motion for reconsideration, which the district court denied, and this appeal followed. We discuss additional facts and evidence relevant to the issues on appeal in our analysis below.

## DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same legal standard as applies in the district court. *Emcasco Ins. Co. v. CE Design, Ltd.*, 784 F.3d 1371, 1378 (10th Cir. 2015). This standard provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, "[w]e must view the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Emcasco*, 784 F.3d at 1378 (internal quotation marks omitted). A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A moving party is entitled to summary judgment if the nonmoving party "has failed to make a sufficient showing on an essential element of her case with respect to

which she has the burden of proof" at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Because this is a diversity case governed by Oklahoma law, "we ascertain and apply Oklahoma law such that we reach the result that would be reached by an Oklahoma court." *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 973 (10th Cir. 2015) (internal quotation marks and brackets omitted). It is axiomatic under Oklahoma law "that the mere fact that an injury occurs carries with it no presumption of negligence." *Gillham v. Lake Country Raceway*, 24 P.3d 858, 860 (Okla. 2001). Instead, in order to prevail on a negligence claim, a party must prove three elements: "(1) existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1211 (Okla. 2008).

Regarding the first element, Oklahoma premises liability law provides that a business owner such as Carrabbas "owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner." *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891, 893 (Okla. 1996). The basis of this duty is "the owner's superior knowledge of the danger." *Southerland v. Wal-Mart Stores, Inc.*, 848 P.2d 68, 69 (Okla. Civ. App. 1993). Accordingly, the owner's duty of care to invitees extends to hidden dangers, traps, snares, pitfalls and the like that are not known to the invitee, but generally does not apply to dangers that are open and

obvious to an invitee. *Id.* It is undisputed that Ritch was an invitee under Oklahoma law and that Carrabbas therefore owed her this duty.

To establish that a business owner breached its duty of care, an invitee must present evidence that the owner "created the [dangerous] condition or that he/she failed to warn of or remove a peril known to exist." *Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979). If there is no evidence that the business owner created the peril, the business owner's liability depends on proof that it had "timely notice of danger" because "[a]n invitor cannot be held responsible unless it be shown that he/she had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." *Id.*; *accord Taylor v. Hynson*, 856 P.2d 278, 281 (Okla. 1993); *see also Williams v. Safeway Stores, Inc.*, 515 P.2d 223, 225 (Okla. 1973) ("Knowledge of the dangerous condition will be imputed to the [business owner] if he knew of the dangerous condition, or if it existed for such time it was his duty to know of it, or if the condition was created by him, or by his employees acting within the scope of their employment.").

Here, the district court granted Carrabbas summary judgment because Ritch failed to produce evidence that Carrabbas breached its duty of care to her. Ritch argues the district court erred because it was reasonable to infer from the evidence she presented that Carrabbas either caused the unknown substance to be present on the floor where she fell or it knew or should have known of its presence there in time to warn her or remove it

4

before her accident.[1]  In particular, Ritch points to the undisputed evidence that she fell in the hallway leading to the restaurant's bathroom, near the bar and a beverage station, on one of the busiest nights of the year, as evidence from which the jury could reasonably infer that a Carrabbas employee spilled the substance or that it leaked from one of these locations.  She also points to her son's testimony that he didn't observe the unknown substance on the floor when he walked through the same hallway an hour and half before his mother fell.  Carrabbas suggests that this testimony permits an inference that the substance was in place long enough before her fall for Carrabbas to have had actual or constructive knowledge of it in time to take corrective action.

We agree with the district court that this evidence, viewed in the light most favorable to Ritch and drawing all reasonable inferences from it, doesn't show that Carrabbas breached its duty of care to her by either creating the offending condition or by failing to warn her or correct the condition after having actual or constructive notice of it.  First, Ritch didn't present any evidence that Carrabbas created the condition.  Instead, Ritch invites the court and ultimately the jury to speculate that Carrabbas caused the spill because, as Ritch argued to the district court, it was "within the realm of possibility, if not probability," that the substance that allegedly caused her fall came from the near-by bar, beverage area or bathroom or was spilled by a Carrabbas employee.  Aplt. App. at 30.  Under Oklahoma law, however, "[a]n inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce

_____

[1] Carrabbas apparently disputes that Ritch's fall was caused by her slipping on a substance on the floor, but Ritch produced sufficient evidence to establish a genuine dispute as to this alleged fact.

5

evidence of a state of facts simply consistent with or indicating a mere possibility" of negligence. *Gillham*, 24 P.3d at 861 (internal quotation marks omitted). Further, as Ritch acknowledges, the unknown substance could have been present as a result of the actions of a customer, rather than Carrabbas. Aplt. App. at 30. "Where one conclusion would be as sound as another, the evidence may then be said to leave the matter wholly within the realm of mere conjecture, and any conclusion would be the result of a common speculation. A prima facie case [of negligence] is not established in such circumstances." *Gillham,* 24 P.3d at 860 (internal quotation marks omitted).

Ritch's claim that it is reasonable to infer from the evidence presented that Carrabbas had actual or constructive knowledge of the dangerous condition in sufficient time to act is similarly flawed. As to actual knowledge, Ritch failed to present any evidence that Carrabbas was aware that the substance was on the floor before Ritch fell. In fact, Ritch admitted that she didn't know "if the substance that caused her fall would have been visible if someone had looked directly at it." Aplt. App. at 24; *see id.* (admitting Ritch's daughter also didn't know "if anyone looking at the alleged substance on the floor would have seen it"); Aplt. Opening Br. at 8 (affirming that substance "was not easily visible prior to the fall").

Ritch's claim that her evidence created a genuine dispute as to constructive knowledge fares no better. Constructive knowledge of a dangerous condition will be imputed to a business owner if the condition "existed for such time [that] it was his duty to know of it." *Williams*, 515 P.2d at 225; *see Rogers*, 602 P.2d at 1035. This claim therefore turns on how long the substance was on the floor before Ritch slipped and

6

fell.  Ritch admits she "does not know how long the mystery substance had been on the floor" before her fall.  Aplt. App. at 24.  Nevertheless, she asserts that we can infer constructive knowledge because, based on her son's testimony, the substance "could have been present" at this location for as long as an hour and half before she encountered it.  Aplt. Opening Br. at 10.  In the absence of other evidence, however, it is just as likely that the spill or whatever caused the substance to be present occurred moments before Ritch fell.  Thus, "a jury would have to speculate to conclude that the dangerous condition was present for a sufficient amount of time to impose constructive notice." *Lewis v. Dust Bowl Tulsa, LLC*, 377 P.3d 166, 174 (Okla. Civ. App. 2016) (internal quotation marks and brackets omitted).  Such speculation isn't sufficient to prove breach of a business owner's duty of care under Oklahoma law.  *See id.*; *Rogers*, 602 P.2d at 1035–36 & n.10.

Ritch also asserts Carrabbas' actual or constructive knowledge of the spill can be inferred from her evidence reporting that Carrabbas' manager gave Ritch her card and acknowledged "fault" on the night of the accident.  *See* Aplt. App. at 42; Aplee. Supp. App. at 28.  Carrabbas disputes this account, but even assuming it's true, this evidence is immaterial to our summary judgment analysis.  As the district court properly found, what constitutes "fault" is a legal determination and this evidence doesn't

demonstrate that Carrabbas' manager or other employees knew or should have known of the substance on the floor in time to warn Ritch or remove the hazard.[2]

Moreover, we find the cases Ritch cites as authority for her position to be readily distinguishable. In *Wood v. Mercedes-Benz of Oklahoma City*, for example, the court modified its rule that a business owner has no duty to protect invitees from dangers that are so open and obvious that the invitee should have been able to detect them and protect themselves as necessary.[3] *See* 336 P.3d 457, 459-60 (Okla. 2014); *see also Martinez,* 798 F.3d at 974-77 (discussing *Wood*'s modification of this rule). The open and obvious doctrine isn't relevant to the issues here, and nothing in *Wood* suggests that it modifies what is relevant here, which is Oklahoma's well-established standard for demonstrating breach of a business owner's duty to an invitee with respect to a hidden danger such as Ritch alleges.

We also find distinguishable the cases Ritch cites to support her claim that she established a genuine dispute that Carrabbas breached its duty under this standard. In

---

[2] Nor does Ritch's evidence that a Carrabbas employee saw her fall and did not immediately render aid permit any inference that he or any other Carrabbas employee knew or should have known of the substance's presence before Ritch fell.

[3] The danger at issue in *Wood* was icy sidewalks resulting from the defendant business owner's operation of its sprinkler system during an overnight freeze. The business owner and the invitees, employees of a caterer hired by the owner, both had actual knowledge of this dangerous condition, which ordinarily would defeat the invitees' negligence claim because the business owner has no duty to invitees with respect to such obvious conditions. The *Wood* court carved out an exception to this rule, holding that "under the peculiar facts" of the case, the business owner had a duty to protect the contractor's employees from the icy conditions it had created because it was foreseeable that these invitees would encounter these conditions and nonetheless proceed in furtherance of their employment. *See* 336 P.3d at 460.

8

each case, unlike here, the plaintiff presented some evidence that the business owner had actual or constructive notice of the offending condition in time for it to remedy the condition or warn the plaintiff. *See Williams*, 515 P.2d at 225-26 (affirming denial of directed verdict where plaintiff presented evidence that defendant knew water from a produce case occasionally leaked into the aisle where plaintiff fell but failed to take preventive action); *Lewis v. Wal-Mart Stores E., L.P.*, 225 P.3d 6, 9 (Okla. Civ. App. 2009) (reversing summary judgment for defendant based on evidence that plaintiff knew or should have known that a third-party solicitor posed a security threat to invitees based on past problems experienced with solicitors from the third-party's organization).

Notably, Ritch fails to address the Oklahoma Supreme Court decision that is most relevant to the issues presented here. In *Rogers v. Hennessee*, the plaintiff, a student at a beauty school, sued the school owner after she slipped and fell there. In that case, unlike here, the plaintiff presented evidence that she had slipped on water spilled from a school sink and that there was a history of occasional spills at this location. The court nonetheless refused to infer lack of due care by the owner from the plaintiff's proof of occasional spills, because doing so "would in effect amount to imposition of liability on a no-fault basis." 602 P.2d at 1035. Similarly, Ritch's contention that Carrabbas created the offending condition in this case simply because of its proximity to several "liquid-producing locations," Aplt. Opening Br. at 16, would impose liability without proof of fault.

The *Rogers* court also rejected the plaintiff's claim that the owner had constructive knowledge of the spilled water, stating:

9

While we know that the puddle had not been there when the Student passed the area earlier in the day, for all that the evidence shows the water may have spilled only moments before the Student stepped into it. In the face of no proof giving, directly or by inference, some indication as to the length of time the peril had been in existence when the Student received her injury or that the Owner failed adequately to inspect the premises for dangers known to arise, there can be no liability here.

*Id.* at 1035–36 (footnote omitted). The same is true here.

## CONCLUSION

For the reasons stated above, we conclude the district court properly granted summary judgment for Carrabbas because Ritch failed to meet her burden of presenting evidence from which a reasonable juror could conclude that Carrabbas breached its duty of care to her.

Affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge